# City Council of Montgomery *v.* Reese.

### *Bill to Restrain Issuance of Bonds.*

(Decided Dec. 20th, 1906.   43 So. Rep. 116.)

*Statutes; Constitutional Provisions; General and Special Statutes.*
—Local Acts 1903, p. 615, is violative of Sec. 105 of the Constitution of 1901, and the issuance of refunding bonds by the city was properly had under the provisions of the general statutes, Acts 1903, p. 71.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.

. Bill by Essie L. Reese against the city council of Montgomery and others. From a judgment overruling demurrers filed to the bill, defendants appeal. Reversed and judgment rendered sustaining the demurrers to the bill.

This was a bill filed by a resident citizen, as the owner of property and a taxpayer, to restrain the issuance of certain bonds named therein, and to declare the ordinance authorizing their issuance null and void. The ordinance is set out as an exhibit to the bill; but all that is necessary to be here set out is that it provided for the issuance of bonds to run for 30 years from the 1st day of January, 1907, bearing interest at the rate of 4 1-2 per cent. and payable semiannually. The allegations made by the bill show that the ordinance was in all respects passed as required by law. The equity of the bill is rested on the fact that the bonds were improperly issued under the general law relating to such matters, and that they carried a too high rate of interest, and that they should have been issued under a special law passed by the Legislature authorizing the city of Montgomery to refund its bonded indebtedness. The general law, approved February 26, 1903 (Gen. Acts 1903, p. 71), and the special law approved September 26, 1903 (Loc. Acts 1903, p. 615), are made exhibits to the bill. Demurrers were filed to the bill, raising the question

as to the unconstitutionality of the special or local law. The demurrers were ruled adversely to the city.

C. P. McIntyre, for appellant.—In this state it is a judicial question whether the matter of a special law "is provided for by a general law."—§ 105 of the Constitution of the State of Alabama; *Sisk v. Cargile et al.,* 138 Ala. 164; *State ex rel. v. Cooley,* 56 Minn. 540, at p. 546; *State v. Graneman,* 13 Mo. 326 at p. 331; *State v. Auslinger,* 171 Mo. 600; *Henderson v. Koenig,* 168 Mo. 356 at p. 375. It is presumed that judicial construc- tions of constitutional provisions adopted from other states, have also been adopted.—*People v. Coleman,* 4 Cal. 46; *Fowler v. Lamson,* 146 Ill. 472; Cyclopedia of Law and Procedure, Vol. 8, p. 739; *Ex parte Rountree,* 51 Ala. 42. Courts do not favor repeal of statutes by im- plication.—*City of Montgomery v. National B. & L. Asso.,* 108 Ala. 336. If both acts, the earlier and later, relate to the same subject, and can be reconciled, they must stand, and have a concurrent operation.—*Skelly v. Montrell St. Ry. Co.,* 67 Conn. 261; *Kallahan v. B. Osborne,* 37 Conn. 488; *The City of Norwich v. Stone,* 25 Conn. 44; *Goodman v. Jewett,* 24 Conn. 588. Acts en- acted at the same session of the legislature are within the reason of the rule governing the construction of statutes in pari materia.—*City of Montgomery v. Na- tional Building & Loan Association,* 108 Ala. 336; *Smith v. The People,* 47 N. Y., at p. 339; *Powers v. Shepard,* 48 N. Y. 540; *State v. Clark,* 54 Mo. 216; *Com- monwealth v. Huntley,* 156 Mass. 236. Repeals by im- plication are never favored and this is especially so with reference to acts passed at the same session of the legis- lature—"As they were passed at the same session of the legislature a more liberal rule of construction should be allowed against the repeal by implication."—*Houston & Tex. C. C. Ry. Co. v. John A. Ford,* 53 Texas, 364 at p. 371; Endlich on Interpretation of Statutes, § 188 and § 210; 26 Am. and Eng. Ency. of Law, 736.

Gunter & Gunter, for appelle.—Counsel discuss the proposition involved but cite no authorities.

PER CURIAM.—By the act of the Legislature approved February 26, 1903 (Gen. Acts 1903, p. 71), a general law was enacted "to provide for the settlement, adjustment, and refunding of the bonded indebtedness of municipal corporations." By the provisions of this act the municipal authorities of any city, town, or village of this state which may have outstanding a bonded indebtedness of any kind are authorized to issue bonds for an amount not exceeding the indebtedness of such corporation proposed to be refunded, in such sums and form, to run not exceeding 30 years, and to bear a rate of interest not to exceed 5 per centum per annum. On the 26th of September, 1903 (Loc. Acts 1903, p. 615), a local or special law, was passed authorizing the city of Montgomery to refund its bonded indebtedness, existing and outstanding at the date of the ratification of the Constitution of 1901, by issuing bonds therefor to bear a rate of interest not to exceed 4 per centum per annum, to run not to exceed 40 years, from the date of issue. Section 105, art. 4, of the Constitution, provides that "no special, private or local law, except a law fixing the term for holding courts, shall be enacted in any case which is provided for by general law, * * * and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law. * * * Nor shall the Legislature indirectly enact any such special, private or local law by the partial repeal of the general law."

It is apparent that the subject-matter of the two acts is substantially the same; and it is equally apparent that the inhibition contained in the section of the Constitution quoted was violated by the enactment of the special or local law. It is of no consequence that the special or local act contains matter germane to the subject expressed in its title, "to authorize the city council of Montgomery to refund the bonded indebtedness of said city," etc., which are not in the general law; for, obviously, if the insertion of such matters in a special, local, or private law would obviate the constitutional prohibition, then the prohibition could be easily circumvented and practically rendered nugatory. It is not perceivable that the framers of the Constitution intended

the prohibition to operate only against special, local, or private laws which are in ipsis verbis of the general law. It follows, therefore, that we are constrained to hold the act of September 26, 1903, to be unconstitutional and void.

The decree appealed from is reversed, and one will be here rendered sustaining the demurrer to the bill.

Reversed and rendered.