[State, ex rel. Brandon, et al. v. Prince, et. al.]

# State, *ex rel.* Brandon, *et al. v.* Prince, *et al.*

### Quo Warranto.

(Decided April 12, 1917.   74 South. 9393.

. 1. Statutes; Validity; Local Laws; Selection of Jury.—Loc. Laws 1915, p. 470, abolishing the jury commission for a certain county and conferring its powers on the board of revenue thereby created, does not violate Const. section 105, providing that no special or local law shall be enacted in any case which is provided for by general law, though there was a general law providing for the selecting and drawing of jurors by other boards, since it is part of the judicial history of the state before and since the adoption of that Constitution that the methods and agencies for selecting jurors have been provided for by both local and general statutes, and it cannot be presumed that the framers of the Constitution intended to prohibit such practice.

2. Statutes; Validity; Local Laws; General Law on Same Subject.—Mere changes in the terms or wording between the local and general law or other unessential change will not save the local law from being declared void under Const. section 105, prohibiting local laws in cases provided for by general laws.

3. Statutes; Title; Scope in Claims of Board of Revenue.—The title of Loc. Laws 1915, p. 470, which is an act to establish a board of revenue to prescribe its powers and duties and to abolish the jury commission, is broad enough to include the provisions of the act abolishing the jury commission and conferring the authority to select jurors on the board of revenue.

4. Statutes; Subject; Creation of New Board; Abolition of Jury Commission.—Loc. Laws 1915, p. 470, abolishing the jury commission for a certain county and conferring its powers on the board of revenue thereby created, does not contain more than one subject contrary to Const. section 45.

5. Statutes; Repeal; General Clause.—Loc. Laws 1915, p. 470, creating a board of revenue for a certain county and abolishing the jury commission, and repealing all acts inconsistent therewith, is not invalid under Const. section 45, as amending or repealing other laws without setting them out in full.

6. Statutes; Local Law; Amending General Law.—Loc. Laws 1915, p. 470, creating a board of revenue and abolishing jury commission within a named county, which is complete in itself and merely refers to a general act after the execution of the local act, is not the enactment of a local law by the amending of a general law in evasion of the constitutional provision against the passage of local laws without notice thereof.

. 7. Statutes; Increase of Fees; Local Law; New Duties.—A local law imposing new duties upon certain officers and providing compensation for the performance of those duties does not violate Const. section 104, subd. 24, prohibiting increasing the fees of officers by local laws.

8. Officers; Increasing Fees; Term of Office.—Loc. Laws 1915, p. 470, creating a board of revenue and abolishing a jury commission and providing

that it shall take effect immediately so far as necessary for electing at the next election the members of the board of revenue, but that the jury commission shall not be abolished until the expiration of the term of its members, does not violate Const. section 281, prohibiting the increase of fees during the term of office of the incumbent.

9. **Statutes; Local Laws; Notice; Sufficiency.**—A notice of intention to pass a local law which was a fair compendium of the act introduced and passed and would give almost as much information as to the object and effect of the intended law as would the act itself is sufficient.

10. **Constitutional Law; Determination of Constitutional Question; Questions Not Raised.**—The Supreme Court will never search for constitutional infirmities in statutes, but will consider only those questions raised and insisted upon.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. HENRY B. FOSTER.

Petition by the State of Alabama, on the relation of W. W. Brandon, and others, for quo warranto to determine if A. F. Prince and others constitute the Jury Commissioners of Tuscaloosa County, and to inquire by what authority they hold said office. From a decree refusing to grant said writ, relators appeal. Reversed and rendered.

The title to the act (Local Laws 1915, No. 729, p. 470) is as follows:

"An act to establish a board of revenue of Tuscaloosa county, Alabama, to prescribe its powers and duties, to fix the compensation of its members, to provide for the election of its members and fix their terms of office, to provide for a clerk and engineer, and to abolish the court of county commissioners, the board of public works, and the jury commission of said county."

The following notice was published once a week for four consecutive weeks in the West Alabama Breeze, a newspaper published in Tuscaloosa county, Ala., said publications being the 6th day of January, 1915, viz.:

"Notice is hereby given that at the 1915 session of the Legislature of Alabama there will be introduced a bill seeking the enactment of a law, providing for the establishment of a board of revenue for Tuscaloosa county, Ala., and abolishing the court of county commissioners, board of public works, and jury commission of said county, giving to such board of revenue any and all powers, rights, responsibilities, and duties as are now possessed by the court of county commissioners, board of public works, and jury commission, providing for a clerk of said board,

fixing his compensation, and prescribing his duties, fixing the compensation of the members of said board of revenue, authorizing said board of revenue to employ an engineer when in its opinion necessary, providing when said board shall hold its sessions, providing that no member of said board shall directly or indirectly be interested in any contract for the repair or improvement of roads or bridges in Tuscaloosa county, and providing for the punishment of any violation thereof, providing for the selection of the members of said board of revenue, and providing for the time that said bill, if enacted shall become a law." —Volume 2, p. 3836, House Journal 1915.

FOSTER, VERNER & RICE and J. P. VAN DE VOORT for appellant. CLARKSON & MORRISETTE for appellee.

MAYFIELD, J.—This is a statutory quo warranto proceeding to oust the jury commissioners of Tuscaloosa county. The decision of this case involves the constitutionality of a local act of the Legislature, which, if valid, virtually abolishes the office of jury commissioners for Tuscaloosa county, and imposes the duties and confers the powers thereof upon a board of revenue created or provided by the same act. The trial court held the act invalid. The reporter will set out the title of the act, and the notice of the proposed passage of the bill.

(1) It is first insisted that so much of the act as conferred the powers and imposed the duties of the jury commission upon the board of revenue, violated section 105 of the present state Constitution (that of 1901). That section reads as follows:

"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the Legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

The insistence is that the only effect of sections 9, 10, and 19, which relate to the matter of selecting and drawing the jurors and juries for Tuscaloosa county, is now, and was before the local act was passed, provided for by a general law, and that the local act therefore violates section 105 of the Constitution.

[State, ex rel. Brandon, et al. v. Prince, et al.]

We cannot agree to or concur in this insistence. There is not now, and was not, at the date of the passage of the local statute, any law which authorized boards of revenue or courts of county commissioners to draw or select the juries and jurors for Tuscaloosa county. The fact that there was a general law by which the juries for that county could be drawn by other boards or officers did not prevent the Legislature from providing, by a local enactment, that the juries shall be drawn by other boards, officers, or persons than those provided for in the general law. There is no constitutional provision requiring that the laws as to drawing and selecting juries shall be uniform in all the counties or in all of the courts of the state. The purpose and effect of the sections of the local act in question was to confer the powers and impose the duties incident to the selecting and drawing of juries for that county upon a board, or officers, or persons, who could not theretofore exercise such powers, after withdrawing these powers and duties from another board, officers, or persons who had theretofore exercised the same. Herein we see that the object and effect of the local law was to work a radical change in the law applicable to Tuscaloosa county as to selecting and drawing the jurors and juries for that county.

If we should hold that, merely because there is a general law providing for the selecting and drawing of juries for the several counties, none of its provisions can be changed by a local law, it would be tantamount to holding that a local law cannot be passed upon that subject. We do not think that this is the meaning of section 105 of the Constitution, nor that such was the intent of the Constitution framers in ordaining it.

It is a part of the judicial history of this state before and since the adoption of the Constitution of 1901 that the methods and agencies for the selecting and drawing of jurors, etc., have been provided for by both local and general statutes. As before stated, there being no constitutional provision requiring the laws on this subject to be uniform in all the counties or all the courts, the Legislature may provide different laws for different counties; and it is difficult to conceive how a more radical difference could be given effect than to provide by one law that the juries shall be selected and drawn by a jury commission to be appointed by the Governor, and by another that such duty and function shall be performed by a board of revenue or court of county commissioners the members of which are elected by the voters of a particular county.

The mere fact that the things to be done by each board, or all the members thereof, are the same, does not make the laws which authorize the doing of the same things by different boards or different officers the same laws; they are different laws though they relate to the same subjects or subject-matters. This is well illustrated by many local laws, relating to boards of revenue or courts of county commissioners, repeatedly upheld by this court notwithstanding there are general laws—an entire chapter of the Code—relating to this subject. See report of case of *Dunn v. Dean,* 196 Ala. 486, 71 South. 709, where many cases of this kind are cited and reviewed to the effect that such laws are not void under section 105 of the Constitution. Again, the mere fact that there are general laws relating to circuit and chancery courts does not prevent the Legislature from providing, by local laws, for other courts to do the same work and discharge the same functions and powers as by such general provisions authorized. The general laws and the local laws in this respect are different. and not the same.

(2) Of course, it has been held that mere changes in terms or wording between the local law and the general law, or any other unessential change showing an attempt to evade or avoid the constitutional provisions, will not save such local laws from being declared void; but in the case before us, as we have shown, there is a vital and material difference between the general and the local law in question.

(3-6) The title of the local act in question is sufficiently broad and comprehensive to embrace the sections and provisions of the act of which complaint is here made. Nor is there more than one subject in the title or in the body of the act. in the sense or meaning of section 45 of the Constitution. Nor does the act or the title offend this section of the Constitution by amending or repealing other laws without setting out in full the law so amended, etc. The act in question is not an amending or a repealing act. within these provisions of the Constitution. Nor is it at all objectionable, in that it is the enactment of a local law by the amending of a general law, and therefore attempts to evade the constitutional provision as to the passage of local bills without notice thereof. The act is complete within itself; merely refers to a general act as to the execution of the local act. It does not purport to amend or revive or repeal any act or law, except in so far as prior acts are in conflict with its provisions: and

[State, ex rel. Brandon, et al. v. Prince, et al.]

this it would do without any reference to such laws so amended, revived, or repealed. Such statutes are not within the purview of section 45 of the Constitution.—*State v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520.

(7) Imposing new and additional duties upon certain officers, and providing compensation to them for performing the same, does not offend the Constitution (subdivision 24 of section 104) as against increasing the fees of officers by local laws.—*Dunn v. Dean, supra; State, ex rel. Vandiver v. Burke,* 175 Ala. 561, 57 South. 870.

(8) The act in question does not offend section 281 of the Constitution, as to the increase of fees, etc.; during the term of office of the incumbent; because it was not made to take effect during the term of any incumbent, within the meaning of this provision.—*Brandon v. Askew,* 172 Ala. 160, 54 South. 6`5.

(9) The notice of the intention to pass the local act in question was sufficient to advise the local public of the substance of the proposed law and of its essential features. In fact, it was a fair compendium of the act introduced and passed. The notice would give almost as much information as to the object and effect of the intended law as would the act itself. Certainly so as to the provisions in question.—*Thomas v. Gunter,* 170 Ala. 165, 54 South. 283; *Christian v. State,* 171 Ala. 52, 54 South. 1001.

(10) We have treated all the objections to the constitutionality of the act, which are insisted upon or called to our attention, and we find no merit in any of them. This court will never go out of its way to search for constitutional infirmities in statutes; it will consider those questions only which are raised and insisted upon.

It results from what we have said that the local act in question is not unconstitutional, and that the trial court erred in its ruling to the contrary effect, and that the judgment appealed from it reversed. A judgment will be here rendered ousting appellees from the office of jury commissioners, and directing the appellants to exercise the powers and perform the duties of jury commissioners for Tuscaloosa county.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.