(88 South. 19)

**BOARD OF REVENUE OF JEFFERSON COUNTY et al. v. KAYSER. (6 Div. 160.)**

(Supreme Court of Alabama. Feb. 3, 1921.)

1. Statutes ⚖121(1)—Act for payment of claims against fine and forfeiture fund of county held not violative of constitutional requirement as to title.

Loc. Acts 1915, p. 360, entitled "An act to provide for the payment and retirement of claims against the fine and forfeiture fund of Jefferson county," and providing for the payment at the discretion of the board of revenue of the county of claims against the fine and forfeiture fund out of the general treasury of the county, *held* not violative of Const. 1901, § 45, providing each law shall contain but one subject, which shall be clearly expressed in its title.

2. Statutes ⚖93(8)—Act as to payment of claims against fine and forfeiture fund held not violative of constitutional prohibition of laws as to costs, etc., not applying to all counties.

Loc. Acts 1915, p. 360, providing for the payment at the discretion of the board of revenue of Jefferson county of claims against the fine and forfeiture fund out of the general treasury of the county, *held* not violative of Const. 1901, § 96, providing the Legislature shall not enact any law not applicable to all counties regulating costs and charges of courts, etc.

3. Statutes ⚖76(1)—Act not violative of constitutional provision as to local laws.

Loc. Acts 1915, p. 360, providing for the payment at the discretion of the board of revenue of Jefferson county of claims against the fine and forfeiture fund out of the general treasury of the county, *held* not violative of Const. 1901, § 105, providing no special, private, or local law shall be enacted in any case provided for by general law, or when the relief sought can be given by any court.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by the Board of Revenue of Jefferson County and others, against Leo Kayser, seeking to have certain warrants canceled, and held not to constitute a valid claim against the county or its funds. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

The bill alleges that certain warrants were issued by the board of revenue to be paid out of the general fund in the payment and retirement of claims against the fine and forfeiture fund, under and by virtue of Local Acts 1915, p. 360, but that said statute is violative of the Constitution, and that all acts done thereunder are void and of no effect.

Huey & Welch, of Bessemer, for appellants.

Loc. Acts 1915, p. 360, violates sections 45, 96, and 105, Const. 1001. 117 Ala. 543, 23 South 788; 23 South. 790; 187 Ala. 411, 65 South. 942; 163 Ala. 441, 50 South. 972; 158 Ala. 59, 48 South. 496; 168 Ala. 224, 53 South. 84; 167 Ala. 370, 52 South. 750; 72 South. 540; 101 Ala. 541, 14 South. 355; 172 Ala. 159, 54 South. 995; 93 Ala. 314, 9 South. 603; 172 Ala. 160, 54 South. ·605; 183 Ala. 95, 63 South. 201; 34 Ala. 311; sections 158, 211, 6659, 6688, 6689, Code 1907; Acts 1911, p. 47; 137 Ga. 185, 73 S. E. 16; 141 Ga. 542, 81 S. E. 438.

Tillman, Bradley & Morrow, of Birmingham, for appellee.
No brief reached the Reporter.

SAYRE, J. Appellant contends that the act of September 10, 1915, entitled "An act to provide for the payment and retirement of claims against the fine and forfeiture fund of Jefferson county" (Local Acts 1915, p. 360), is unconstitutional for the reason that it violates one or more of sections 45, 96, and 105 of the Constitution.

[1] Section 45, or so much thereof as is pertinent, provides that—

"Each law shall contain but one subject, which shall be clearly expressed in its title."

The act under consideration provides for the payment, at the discretion of the board of revenue of Jefferson county, of claims against the fine and forfeiture fund out of the general treasury of the county. Sanders v. Commissioners' Court of Elmore County, 117 Ala. 543, 23 South. 788, is cited as authority for appellant's contention. We do not perceive any very clear reason why the court in that case, called upon to adjudicate the vitality of the statute, should have first mutilated its title by extirpating its second clause, but so the court did, and then, conceding that the Legislature might make claims against the fine and forfeiture fund a charge upon the general fund of the county, held that such a charge could not be made under the title of "An act to regulate the fine and forfeiture fund." Laws 1894–95, p. 731. We have quoted the title of the act here involved. It has been frequently held that generality and comprehensiveness in the title of an act is no objection to it, so long as such quality is not made a cover for legislation incongruous in itself, and by no fair intendment connected with and cognate to the subject expressed in the title. Cases cited to section 45, Mayfield's Constitution. The court is of opinion that a provision for payment out of the county treasury is connected with and cognate to a provision for the payment and retirement of claims against the fine and forfeiture fund of the county, and so holds the act free from this objection.

[2] Section 96 is as follows:

"The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

This section of the Constitution (now in part repealed as to Jefferson county) merely requires uniformity in costs and charges of courts, and in fees, commissions, or allowances paid to public officers. It has no relation to or bearing upon the method of paying charges against the fine and forfeiture fund. As matter of well-known fact, claims against that fund have never been realized equally, and probably will never be as long as the fund is to be collected from fines and forfeitures in the respective counties, all of which was known to the framers of the Constitution.

[3] Section 105, so far as relevant, provides that—

"No special, private or local law * * * shall be enacted in any case which is provided for by a general law, or when the relief·sought can be given by any court of this state."

It is entirely certain that the relief sought in this case for Jefferson county—we must assume that the Legislature was acting for what is considered the good of the county—could not be given by any court of this state. It is equally clear that no authority outside of the Legislature can give the relief desired. In Brandon v. Askew, 172 Ala. 160, 54 South. 605, a similar case in principle, it was said that—

"If the local bill proposes something different from, the provisions of the general law, and not within the catalogue of section 104, and in a case where the relief may not be had in some proceeding outside ·of the Legislature, how has it been provided for, and where is the inhibition to enact the local law? It seems, then, that this provision of the Constitution was intended to prohibit the enactment of special, private, or local laws to meet the purposes of particular cases which may be accomplished by proceedings outside of the Legislature under the provisions of general statutes enacted to meet all cases of that general character."

In the constitutional convention Judge Walker, who had previously written the opinion in Jones v. Jones, 95 Ala. 443, 11 South. 11, 18 L. R. A. 95, showed his understanding of this section by saying:

"Now is there any hardship [in] saying to any man, any individual, corporation or association, that if the laws of the state· have already provided for your case and you can get everything you could possibly get by appealing to the Legislature, you ought not to consume the public time in trying to get the Legislature to do what has already been done for you. That is all this provision means." Proceedings, p. 114.

It may be of some interest to note that in the same connection Judge Walker, while not

undertaking to predict what the courts would hold, did say that just such a case as was presented in City Council of Montgomery v. Reese, 149 Ala. 188, 43 South. 116, would not be governed by the section. Gov. O'Neal, chairman of the committee on local legislation, appears to have been of the same opinion. Page 118. These were but the individual opinions of the members speaking, but no opinion was expressed to the contrary, and probably these opinions were very influential with the convention. Brandon v. Askew, 172 Ala. 160, 54 South. 605; Ensley v. Simpson, 166 Ala. 366, 52 South. 61; Dunn v. Dean, 196 Ala. 486, 71 South. 709; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 South. 939. In the last-cited case the insistence was that so much of a local act, entitled "An act to establish a board of revenue for Tuscaloosa county, Alabama, to prescribe its powers and duties," etc., as undertook to change the general law in respect of the selection and drawing of jurors for Tuscaloosa county, violated section 105 of the Constitution; but the court held that—

"The object and effect of the local law was to work a radical change in the law applicable to Tuscaloosa county as to selecting and drawing the jurors and juries for that county," and that, "if we should hold that, merely because there is a general law providing for the selecting and drawing of juries for the several counties, none of its provisions can be changed by a local law, it would be tantamount to holding that a local law cannot be passed upon that subject. We do not think that this is the meaning of section 105 of the Constitution, nor that such was the intent of the Constitution framers in ordaining it."

In Dunn v. Dean, 196 Ala. 486, 71 South. 709, a local act entitled "An act to establish a board of revenue for Conecuh county," etc., was upheld against an attack on the ground that it violated section 105 of the Constitution. The court reviewed the cases elaborately, saying in the course of its opinion:

"The local act under review has no substantial counterpart, in respect of its paramount features and purposes, in any general law to which this court has been referred, or of which it is now informed. * * * Its purpose and effect is far greater than any mere change of name or alteration in respect of minor detail within the rule established in City Council v. Reese," supra

—and expressed the opinion that therefore the act was not offensive to the quoted provisions of section 105 of the Constitution.

The adjudications referred to conclude the question in this court. The trial court ruled in agreement with them, and its judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.