(92 South. 211)

**BUCHMANN, Judge of Probate, v. LAMBERT, Sheriff. (6 Div. 981.)**

(Court of Appeals of Alabama. Dec. 20, 1921.)

Statutes ⬥120(5)—Local act as amended on registration and payments of claims against county fund held not violative of constitutional provision as to subject and title.

Loc. Acts 1915, p. 487, as amended by Loc. Acts 1919, p. 55, providing for the registration and payment of claims against fine and forfeiture fund of Cullman county, *held* not violative of Const. 1901, § 45, requiring each law to contain but one subject, to be clearly expressed in its title, in so far as it provides for payments out of the county treasury; such provision being connected with and cognate to the provision for payment and registration of claims against the fine and forfeiture fund.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Mandamus by J. W. Lambert, Sheriff, against Fred J. Buchmann, as Judge of Probate, to require respondent, as such Judge of Probate, to draw and issue the county warrant payable to petitioner for certain fees and costs. From a decree granting the writ, respondent appeals. Affirmed.

The petition sets out the following state of facts:

That your petitioner, as Sheriff of Cullman county, Ala., did on the 8th day of August, 1921, file with the court of county commissioners of said county a statement of all cases disposed of in said county in the county court and the circuit court of said county, wherein the state failed to convict, or in which defendant has been convicted, and have proved insolvent by the return of execution "No Property," and in cases in which the state entered a nolle prosequi, and wherein the indictment has been withdrawn and filed, and prosecution abated upon the death of the defendant, showing all costs due your petitioner, the name of the defendants and the charges against them, which said statement was sworn to by your petitioner, said statement being filed under and by virtue of the authority of an act of the Legislature of Alabama entitled, "To amend sections 8 and 10 of an act entitled 'An act to regulate the fine and forfeiture of Cullman county, and provide for the registration and payment of claims against said funds,' approved September 25, 1915," a copy of which statement is hereto attached. marked Exhibit A and made a part of this petition.

That on, to wit, the 15th day of August, 1921, the said court of county commissioners of Cullman county audited said account, and found the same correct, and ordered a warrant drawn upon the county treasurer of said county in favor of your petitioner for the sum of $288, the same being the sum total of said amounts.

The petition also alleged demand for warrant made upon the judge of probate, and his refusal to keep it.

The respondent demurred to the petition on the ground that the acts referred to therein are violative of sections 45, 96, and 105 of the Constitution of 1901.

Earney Bland, of Cullman, for appellant.

The acts under which the sheriff claims the right to fees and costs covered by the warrant shown are unconstitutional and void. 117 Ala. 547, 23 South. 524; 117 Ala. 569, 23 South. 790; 196 Ala. 478, 71 South. 690; 200 Ala. 479, 76 South. 417; 196 Ala. 478, 71 South. 690; sections 45, 96, 105, Constitution.

F. E. St. John, of Cullman, for appellee.

The acts are constitutional, and the judgment should be affirmed. 205 Ala. 289, 88 South. 19.

MERRITT, J. An act of the Legislature, approved September 25, 1915, "To regulate the fine and forfeiture fund of Cullman county, and provide for the registration and payment of claims against said fund," (Local Acts of the Legislature of 1915, p. 487), and an act amendatory thereof, approved September 25, 1919 (Local Acts of the Legislature of 1919, p. 55), are attacked as being unconstitutional, for the reason that it violates section 45 of the Constitution of 1901. Section 45, or so much thereof as is pertinent, provides that—

"Each law shall contain but one subject, which shall be clearly expressed in its title."

The act as amended under consideration, dealing with the question at issue, reads as follows:

That "in all criminal cases in which execution has been returned, 'No property found,' where the fees have not been paid, and in all such cases after the passage of this act, witnesses before the grand juries and state witnesses in all criminal cases, and fees of the sheriff of Cullman county, the clerk of the circuit court and the county court in and for said county, in criminal cases where the state failed, or fails to convict, or in which defendants have been convicted, and have been proved insolvent by the return of execution, 'No property found,' or in cases in which the state enters a nolle prosequi, or where the indictment has been withdrawn and filed, or the prosecution abated by the death of the defendant, shall be paid out of the general fund of said county, as hereinafter provided. Provided that the witness fees shall be seventy-five cents per day and two and one half cents per mile under the provisions of this act."

In dealing with a like question, wherein a local act of Jefferson County was under consideration, in the case of Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 South. 19, the Supreme Court, speaking through Sayre, J., said:

·"It has been frequently held that generality and comprehensiveness in the title of an act is no objection to it, so long as such quality is not made a cover for legislation incongruous in itself, and by no fair intendment connected with and cognate to the subject expressed in the title."

We conclude, therefore, that a provision for payment out of the county treasury is connected with and cognate to a provision for the payment and registration of claims against the fine and forfeiture fund of the county, and so hold the act free from the objection argued. The judgment of the circuit court is affirmed.

Affirmed.