(92 South. 481)

**JACKSON, Clerk, v. SHERROD, Deputy Solicitor. (8 Div. 395.)**

(Supreme Court of Alabama. Dec. 22. 1921. Rehearing Denied Feb. 25, 1922.)

1. **Statutes ⬅76(3)—Act amending act to regulate trial of misdemeanors in certain county held not to violate prohibition against special, private, or local laws in cases provided for by general laws.**

Act Sept. 29, 1920 (Gen. & Loc. Acts Sp. Sess. 1920, p. 171), entitled "An act to amend section 10 of an act entitled 'An act to regulate the trial of misdemeanors in Lawrence county, approved Aug. 29, 1919,'" *held* not in violation of Const. 1901, § 105, prohibiting special, private, or local laws in cases provided for by general laws.

2. **Statutes ⬅118(6)—Act entitled as an act to amend a section of act to regulate trial of misdemeanors in certain county, held not to violate requirement that each law shall contain but one subject, clearly expressed in title.**

Act Sept. 29, 1920 (Gen. & Loc. Acts Sp. Sess. 1920, p. 171), entitled "An act to amend section 10 of an act entitled 'An act to regulate the trial of misdemeanors in Lawrence county, approved Aug. 29, 1919,'" does not violate Const. 1901, § 45, providing "Each law shall contain but one subject, which shall be clearly expressed in its title."

3. **Statutes ⬅125(6)—Provision for solicitor's compensation held cognate to subject expressed in title of local act regulating trial of misdemeanors.**

Act Aug. 29, 1919 (Local Acts 1919, p. 86), entitled "An act to regulate the trials of misdemeanors in Lawrence county," enlarges the criminal jurisdiction of the county court of that county, and section 10 requires the deputy solicitor—or a solicitor to be appointed if there be no deputy—to prosecute all cases, and provides his compensation out of fees collected and paid to him in the manner provided by Code 1907, § 6634. *Held*, that this provision for the deputy's compensation was cognate to the subject expressed in the title, so that as to this section 10 the act did not violate Const. 1901, § 45.

4. **Statutes ⬅109—When subject is expressed in title in general terms, everything necessary to complete enactment is included in and authorized by it.**

When the subject is expressed in the title in general terms, everything necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it.

5. **Statutes ⬅102(4)—Act to regulate trial of misdemeanors in certain county held not to violate prohibition of special or local laws creating, increasing, or decreasing fees or allowances of public officers.**

Except so far as it deals with fees of solicitors in cases in which pleas of guilty are interposed, Act Sept. 29, 1920 (Gen. & Loc. Acts 1920 [Sp. Sess.] p. 171), entitled an act "To amend section 10 of an act entitled 'An act to regulate the trial of misdemeanors in Lawrence county, approved Aug. 29, 1919,'" enlarging the criminal jurisdiction of the county court of Lawrence county, does not, in providing for deputy solicitor's compensation for new services, violate Const. 1901, § 104, subsec. 24, prohibiting special, private or local laws prohibiting increasing or decreasing fees, commissions, or allowances to public officers, Code § 6634, fixing solicitor's fees for all classes of criminal cases, not being disturbed.

On Rehearing.

6. **Statutes ⬅102(4)—Act held not to violate prohibition of local laws regulating costs and charges of courts or officers' fees.**

Except so far as it deals with fees of solicitors in which pleas of guilty are interposed Act Sept. 29, 1920 (Gen. & Loc. Acts 1920 [Sp. Sess.] p. 171), entitled an act "To amend section 10 of an act entitled 'An act to regulate the trial of misdemeanors in Lawrence county, approved Aug. 29, 1919,'" is not in violation of Const. 1901, § 96, providing that the Legislature shall not enact any law not applicable to all the counties in the state regulating costs and charges of courts or fees, commissions, or allowances to public officers, for such act does not regulate solicitors' fees in the cases under consideration, though it does regulate the use the state makes of such fees after their collection.

7. **Statutes ⬅102(4)—Local act and amendment thereof as relating to solicitors' fees in case of pleas of guilty in a county court held to violate prohibition of special and local laws.**

Though Act Aug. 29, 1919 (Loc. Laws 1919, p. 88) § 10, and Act Sept. 29, 1920 (Gen. & Loc. Acts 1920 [Sp. Sess.] p. 171), amending such section, in providing, as to fees of solicitors in misdemeanor cases in the county court of Lawrence county, "that in all cases where a plea of guilty is interposed by the defendant, no solicitors' fee shall be taxed or collected in excess of the amount of the fine assessed," do not permit an increase of the solicitor's fee in any case, but operate to decrease such fees in cases in which the plea of guilty is interposed,

and so violates Const. 1901, § 96, and section 104, subsec. 24, prohibiting special and local laws relating to fees.

**8. Statutes ⬤⟹64(6)—Invalid proviso in section of local act as it relates to solicitor's fees in misdemeanor cases held not to render entire act void.**

The obvious purpose of Act Aug. 29, 1919 (Loc. Acts 1919, p. 86), for the trial of misdemeanors in Lawrence county as respects the proviso in section 10 that in all cases in which a plea of guilty is interposed no solicitor's fees shall be taxed or collected in excess of the fine assessed, was to enable the deputy solicitor to earn a compensation in excess of that permitted by Act Sept. 25, 1915 (Gen. Acts 1915, p. 817) § 5, not, however, to exceed the sum of $1,200, as therein provided, and was interpolated for the relief of persons convicted, and not for the benefit of the solicitor, and hence the unconstitutionality of such proviso included in the amendment of such section by Act Sept. 29, 1920 (Gen. & Loc. Acts Sp. Sess. 1920, p. 171), giving the deputy solicitor the solicitor's fees in convictions, does not so affect the other provisions of such section and the act as to render the whole act void.

**9. Officers ⬤⟹100(1)—Statutes relating to fees held not to violate constitutional provisions as to increasing compensation.**

Local Act of Aug. 29, 1919 (Loc. Acts 1919, p. 86), as amended by Act September 29, 1920 (Gen. & Loc. Acts Sp. Sess. 1920, p. 171), enlarging the criminal jurisdiction of the county court of Lawrence county, interposed new duties of a substantial nature upon the deputy solicitor, and hence section 10 thereof, awarding compensation for the new services, did not violate Const. 1901, § 281, prohibiting increases in compensation of officers during their terms.

Miller, J., dissenting.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Petition of C. M. Sherrod, as Deputy Solicitor for Lawrence County, for mandamus commanding W. R. Jackson, as Clerk of the Circuit Court of Lawrence County and ex officio Clerk of the County Court, to pay over to him certain fees alleged to have been earned as Deputy Solicitor. From an order granting the writ respondent appeals. Affirmed.

Almon & Almon, of Albany, and Harwell G. Davis, Atty. Gen., for appellant.

The act offends section 105 of the Constitution of 1901. 17 Ala. App. 532, 86 South. 167; 168 Ala. 231, 53 South. 84; 149 Ala. 188, 43 South. 116. Under these same authorities, the act is also violative of subdivision 24, § 104, Constitution 1901. The act also violates section 45, Constitution 1901. 119 Ala. 203, 24 South. 416; 117 Ala. 485, 23 South. 71; 117 Ala. 543, 23 South. 788; 115 Ala. 74, 22 South. 458; 108 Ala. 514, 19 South. 12; 81 Ala.

72, 1 South. 472. The act is violative of section 96, Constitution 1901.

G. O. Chenault, of Albany, and C. M. Sherrod, of Moulton, for appellee.

Statutes are held to be constitutional unless it very clearly appears that they are not. 166 Ala. 366, 52 South. 61; 146 Ala. 198, 40 South. 205. The act does not violate section 105 of the Constitution. 205 Ala. 289, 88 South. 19; 196 Ala. 486, 71 South. 709; 179 Ala. 635, 60 South. 925. The act does not violate subdivision 24 of section 104 of the Constitution. 199 Ala. 444, 74 South. 939; authorities supra. There is nothing in the contention that the act violates section 45 of the Constitution. 179 Ala. 637, 60 South. 925; 196 Ala. 488, 71 South. 709.

SAYRE, J. [1] This is a petition by appellee, deputy solicitor for Lawrence county, for the writ of mandamus commanding appellant to pay over to him solicitor's fees as provided by the act of September 29, 1920, (Gen. & Loc. Acts, Sp. Sess. 1920, p. 171), entitled "An act to amend section 10 of an act entitled 'An act to regulate the trial of misdemeanors in Lawrence county, approved August 29, 1919.'" Respondent bases his refusal on the ground of the alleged constitutional invalidity of the act of September 29, 1920.

In so far as respondent's objection is based on section 105 of the Constitution all that needs to be said was said in the recent case of Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 South. 19, and the several cases therein cited, namely, Brandon v. Askew, 172 Ala. 160, 54 South. 605; Ensley v. Simpson, 166 Ala. 366, 52 South. 61; Dunn v. Dean, 196 Ala. 486, 71 South. 709; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 South. 939.

[2] The act in question is said also to offend against section 45 of the Constitution, which prescribes, inter alia, that—

"Each law shall contain but one subject, which shall be clearly expressed in its title."

[3, 4] So far as concerns subject-matter, the title of the act of September 29, 1920, is section 10 of the act of August 29, 1919 (Gen. Acts 1919, p. 86), and of course the first-named act contains but one subject, and that is clearly expressed in its title. Nor is there any reason to doubt that the subject of section 10 of the act of August 29, 1919, is included within the clear definition of the title of that act. The act enlarges the criminal jurisdiction of the county court of Lawrence county, and section 10 requires the deputy solicitor for the county—or if there be no deputy solicitor, a solicitor to be appointed by the circuit solicitor—to prosecute all cases, and provides his compensation out

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of fees to be collected and paid to him in the manner provided by section 6634 of the Code of 1907. This provision for the compensation of the deputy solicitor was cognate to the subject expressed in the title, namely, the regulation of the trial of misdemeanors, and is therefore innocuous to that part of section 45 of the Constitution quoted above. By way of authority we deem it sufficient to say that this subject has had repeated consideration in this court, and to refer to the note on page 119 of Mayfield's Annotated Constitution, where many of the cases are cited. Our decisions on this subject may be summed up in the following language:

"When the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it." Ballentyne v. Wickersham, 75 Ala. 533.

[5] It is further said in the brief for the appellant that the act in question violates subsection 24 of section 104 of the Constitution, where it is forbidden that the Legislature pass any special, private or local law "creating, increasing or decreasing fees, percentages or allowances of public officers." By the general law, section 6634, the fees to be taxed as solicitor's fees are fixed for all classes of criminal cases. That law is not disturbed in the least by the present act. As we have already pointed out, the criminal jurisdiction of the county court is enlarged, in truth a new court is established. Also new duties are imposed upon the deputy solicitor; he is required to give his services in causes which previously had been triable in the circuit court. It was competent for the Legislature to award to him compensation for these new services of a substantial sort, and to prescribe that his compensation should be confined within a fixed limit or should include all fees earned by him. State ex rel. Brandon v. Prince, supra. A similar act was sustained in Roden v. Griffin, 179 Ala. 633, 60 South. 925; but, it must be said, there was no objection to it on account of section 104 of the Constitution.

We have considered only such objections to the act as were raised in the trial court and have been urged in the brief of counsel for appellant.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur, except MILLER, J., who dissents.

## On Rehearing.

SAYRE, J. [6] It is now insisted that the act of September 29, 1920, violates section 96 of the Constitution, and, in view of the public nature of the question, the probability of its recurrence in the absence of a present settlement, and the similarity of section 96 and subsection 24 of section 104, the court states its opinion as follows: Section 96 of the Constitution covers much the same, if not the identical, ground as subsection 24 of section 104. The first-named section prohibits local laws "regulating costs and charges of courts, or fees, commissions or allowances of public officers," and may embrace a somewhat larger subject-matter than the last named, which prohibits special, private or local laws "creating, increasing or decreasing fees, percentages or allowances of public officers." Both sections deal with fees of public officers, and that is the subject-matter of the act in question. This act—except in so far as it deals with fees in cases in which pleas of guilty are interposed, to be considered presently—neither regulates, creates, increases, nor decreases the fees of the deputy solicitor for Lawrence county; that is, it creates no new fee, nor changes the amount of any fee for any particular service rendered in any case, nor enlarges nor diminishes the class of cases in which any fee may be charged. It does not, therefore, within the purview of the Constitution, regulate solicitor's fees in the cases just now under consideration, though it does regulate the use the state makes of such fees after collection. These sections are for the protection of parties against whom costs, fees, commissions, allowances, or percentages are charged, and this protection, to the extent intended, is insured by the requirement of invariable uniformity throughout the state, and such regulation as the act provides, in cases in which no plea of guilty is interposed, does not fall within the evil of the constitutional safeguards here at issue.

[7] However, as noted above, section 10 of the act of August 29, 1919, and the act of September 29, 1920, amending section 10 of the former act, alike provide:

"That in all cases where a plea of guilty is interposed by the defendant, no solicitor's fee shall be taxed or collected, in excess of the amount of the fine assessed."

This requirement of these acts does not permit an increase of the solicitor's fee in any case, but it would operate to decrease such fees in cases in which a plea of guilty is interposed, and so does open violence to the Constitution.

[8] The question then recurs, How does the constitutional invalidity of this identical proviso in the two acts affect their bodies or the main provisions thereof? The appeal on behalf of these acts is to the rule stated in Harper v. State, 109 Ala. 28, 33, 19 South. 857, and the cases there cited, viz.: Where a statute contains valid and invalid provisions, and the invalid parts can be stricken, leaving an enactment "complete within itself,

sensible, capable of being executed and wholly independent of that which is rejected," the enactment will be upheld and enforced as to that part of it which is valid. Quite a number of such cases are cited to section 34, p. 1054, 11 Mich. Dig. Ala. Reps. The application of this doctrine is a matter for the court, the question depending upon the nature of the defect. Referring to the most serviceable statement of the doctrine to be found in our reports, we quote the language of Somerville, J., in Powell v. State, 69 Ala. 10:

"It does not matter that the objectionable and valid parts of the statute are in the same section of the act. If they are perfectly distinct and separable, and are not dependent the one on the other, the courts will permit the one part to stand, though the other may be expunged as unconstitutional, provided effect can thus be given to the legislative intent. But where the provisions are all connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other, the constitutional invalidity of the one part will vitiate the other, and both must then fall together."

Obviously, the main purpose of section 10 of the act of August 29, 1919, was to enable the deputy solicitor to earn a compensation in excess of that permitted by section 5 of the act of September 25, 1915 (Acts, p. 817), not however, to exceed the sum of $1,200. In considering the effect of the invalid proviso upon the remainder of the section—and upon the act as a whole—we must assume that the Legislature contemplated an administration of the act according to established principles of law and propriety, that fines, within the limits prescribed by law, would be assessed according to the legal merits of each case, and not for the purpose of increasing the number of convictions or inducing pleas of guilty when otherwise such pleas would not be entered. So considered, the unconstitutional proviso appears to have been interpolated, as its text would indicate, for the relief of persons convicted of violations of law, not for the benefit of the solicitor. And so considered, we think it cannot be said that other provisions of the section and the act are so dependent upon the proviso in question that it must be presumed the Legislature would not have passed the former without the latter. Such being the case, the re-enactment of the section by the act of September 29, 1920, cannot be held unconstitutional on account of the objection just here under consideration, unless the elimination of the $1,200 maximum may be found to have that effect, for that is the only new feature of the section as amended. But here again no such relation of dependence between the proviso and the removal of the limit is perceived as that we must presume the Legislature would not have passed the one without the other.

[9] It is here and now insisted that the two acts in question are invalid under section 281 of the Constitution. This objection, if properly presented for review, would raise a mixed question of law and fact. The section would prohibit an increase of appellee's compensation by the act of August 29, 1919, in the event only he was in office at the time and in the absence of the saving consideration to which we cited State ex rel. Brandon v. Prince, supra, in our original opinion in this cause. According to that decision there is no constitutional objection to the act last named above. As for the act of September 29, 1920, section 281 of the Constitution would prohibit the relief sought by appellee in the event only that he was at the time of earning the fee in question in office by an appointment coming over from a time prior to the passage of the act (Willett v. Weaver, 205 Ala. 268, 87 South. 601), and, further, that the fee in question would swell the aggregate of his compensation to a total in excess of the sum of $1,200. But the state did not raise this point in the trial court, nor has there ever been any insistence upon it in brief, and we are bound to presume that, on the facts, appellee was entitled to the fee.

Application overruled.

MILLER, J. (dissenting). The general act of the Legislature approved September 25, 1915 (Gen. Acts 1915, p. 817), provides for the election of a solicitor in each judicial circuit, the appointment or election of a deputy solicitor for each county, their duties and authority, and fixes the compensation for each.

Section 5 of this act fixes the compensation of a deputy solicitor in counties having 20,-000 and less than 30,000 population, according to the last federal census, at an annual salary of $600, which shall be in lieu of all fees or compensation allowed by law to such county solicitor. It is payable in equal monthly installments by warrant of the probate judge, drawn on the treasurer of the county. The population of the county is to be determined under this section 5 of the act by the last federal census preceding the time of the payment of the salary. The population of Lawrence county by the federal census in 1910 was 21,984, and in 1920 was 24,307. This makes the annual salary of the deputy county solicitor of that county $600 under this statute.

This act of September 25, 1915, is a general law. It fixes the salary of each solicitor of each judicial circuit and each deputy solicitor of each of the 67 counties in the state. Section 7 of this act of 1915 (page 817) provides that for every conviction of a misdemeanor in the county courts or inferior courts there shall be taxed and collected as

a part of the costs and paid into the county treasury the same solicitors' fees provided for convictions in such cases in the circuit court. An act approved September 29, 1919 (Gen. Acts 1919, p. 1030), provides that fees for services of solicitors in the county court belong to the county, and shall be paid, when collected, into the county treasury. This is a general law. Under these general acts the solicitors' fees in the county courts are taxed and collected on conviction and paid into the county treasury. The salary of the deputy solicitor by this general statute is paid out of the county treasury, whether there are any convictions or not. The salary of the deputy solicitor is not dependent on the conviction of any person for any offense. Section 5, Gen. Act 1915 (Acts 1915, p. 817), approved September 25, 1915.

On August 29, 1919, an act was approved "to regulate the trials of misdemeanors in Lawrence county." Local Acts 1919, p. 86. Section 10 of this act fixes the compensation of the deputy solicitor of that county at not exceeding $1,200 in any one calendar year, to be paid to him by the clerk from fees taxed in cases of conviction in misdemeanor cases in the county court, and provides that the fees in excess of the $1,200 shall be paid into the county treasury of Lawrence county.

September 29, 1920, this section 10 was amended. Gen. & Local Acts 1920, p. 171. As amended it gives the deputy solicitor the solicitor's fees in convictions of misdemeanor cases. There is no limitation as to the amount; he gets all of them. This act applies only to Lawrence county. It fixes the compensation of only one deputy solicitor in one county of the 67 counties in Alabama. Its amount is uncertain. It is dependent on the number of convictions and the amount of solicitor's fees taxed and collected. It may be more or less than $600, the amount fixed by the general statute. It may be more or less than $1,200, the maximum amount fixed by the first local act. The $600 salary fixed by the general act of 1915 (page 817) is changed to not exceeding $1,200 in any calendar year by section 10 of this local act of 1919 (page 86). The $600 salary by the general statute is not based on fees. The $1,200 maximum salary has as its basis fees changed by a local law from benefit of the county to the deputy solicitor. If there are no fees, then there is no salary; the fees must not make the salary exceed $1,200; if so, the surplus goes into the county treasury by the local act. All deputy solicitor's fees in the county court by the general statute go into the county treasury, the surplus over a $1,200 salary only goes into the treasury of the county by the local law. The compensation of the deputy solicitor by the local act (Acts 1919, p. 86) is based on fees which may or may not increase or decrease his salary from more or less than $600 to not exceeding $1,-

200. The compensation of the deputy solicitor by the amended local act (Acts 1920, p. 171) is based entirely on fees for him. By it all the fees of the deputy solicitor in the county court go to him; and there is no salary, and by it no deputy solicitor's fees go into the county treasury. The fees by the local act are paid direct to him by the clerk. The deputy solicitor's fees by the general statute were taxed for the benefit of the county; these fees were diverted in part by one local act (Acts 1919, p. 86), and in whole by an amended local act (Acts 1920, p. 171), from the benefit of the county to the benefit of the deputy solicitor, in lieu of a fixed salary, not dependent at all on fees.

This act of 1919 (page 86) is clearly a local law. It applies to only one county, and section 10 of it applies to only one deputy solicitor. There are 67 counties in Alabama. The compensation of this deputy solicitor is provided for by a salary in a general law. Gen. Acts 1915, p. 817.

That section 10 of the act of 1919 (page 86) and the amendatory act of 1920 (page 171) if valid, partially repeal the general statute of 1915, p. 817. The local acts are contrary to the general act in many material respects particularly pointed out heretofore in this opinion. The general law fixes the salary of this deputy solicitor at $600 per annum, payable monthly out of the county treasury. The first local act (section 10, Gen. Acts 1919, p. 88) fixes his annual salary at not exceeding $1,200, payable out of solicitors' fees taxed and collected on convictions in misdemeanor cases in the county court. The amendatory local act (Acts 1920, p. 171) gives him no salary; but by it all solicitors' fees taxed and collected on convictions in misdemeanor cases in the county court go to him as compensation. Such legislation is forbidden and not permitted by the organic law of this state. It is clearly condemned by section 105 of the Constitution of 1901 of Alabama, which reads in part:

"No special, private, or local law * * * shall be enacted in any case which is provided for by a general law, * * * and the courts, and not the Legislature, shall judge as to whether the matter of said law is provided for by a general law, * * * nor shall the Legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."

The compensation of the deputy solicitor is provided for by section 5 of this general statute of Alabama. Gen. Acts 1915, p. 817. That section 10 of the local act (Acts 1919, p. 88), as first enacted and as amended (Acts 1920, p. 171), attempts by a local law to change the compensation of the deputy solicitor, which is provided for by the general statute (Acts 1915, p. 817); and these local acts, if valid, would partially repeal the general statute.

The salary of the deputy solicitor of Lawrence county is provided for by a general law; these local laws (section 10 of the act approved August 29, 1920 [Acts 1920, p. 171], in Local Acts 1919, p. 88, and said section 10 as amended in Acts 1920, p. 171), change this salary of this official and fix a compensation based on fees and partially repeal thereby the general law. This legislation is contrary to section 105 of the Constitution; and therefore said section 10, as originally enacted and as amended in Acts of 1920, p. 171, is null and void. Section 105, Const. Ala.; Norwood v. Goldsmith, 168 Ala. 224, 53 South. 84; City Council of Montgomery v. Reese, 149 Ala. 188, 43 South. 116; Acuff v. Weaver, 86 South. 167;[1] Gen. Acts 1915, p. 817, §§ 5, 7; Local Acts 1919, p. 88, § 10; Local & Gen. Acts 1920, p. 171.

Section 281 of the Constitution of Alabama reads as follows:

"The salary, fees, or compensation of any officer holding any civil office of profit under this state, or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed."

The deputy solicitor of Lawrence county is an officer holding a civil office of profit in the county · by appointment of the circuit solicitor of the circuit. The term of office of the circuit solicitor commenced on the first Monday after the second Tuesday in January, 1919, and continues for four years. Sections 1465 and 7778 of the Code of 1907. The deputy solicitor holds his office for the same term as the solicitor of the circuit. Section 2, Gen. Acts 1915, p. 818. These local laws were enacted August 29, 1919, and September 20, 1920, respectively. This was during the term for which the deputy solicitor had been appointed. The general statute prior to his appointment fixed his annual salary at $600. This first local statute raised his salary—increased it to $1,200 per annum, if he earned that much in fees. The second or amended local act placed him on fees entirely; gave all fees earned in convicted cases in the county court to him. The salary fixed by general statute was entirely abolished by the first local act during his term of office. His fees were increased by the amended act during his term of office. Hence it clearly appears that section 10 in the original local act and section 10 as afterwards amended are both contrary to this section 281 of the Constitution in its application to this term of this office of this deputy solicitor.

The deputy solicitor's increased duties, under this local act (even if it is constitutional in part, which we do not decide), were in contemplation of and directly included in the general statute, which fixed his annual salary at $600. Section 4 of the general act of 1915 (page 819) prescribes his duties as follows:

"To represent the state in all cases in the county court and inferior courts and all preliminary proceedings, applications for bail and habeas corpus proceedings in all courts, aid or act for the circuit solicitor before the grand jury and in all matters in the circuit court when requested to do so by the circuit solicitor, and perform all the duties of the circuit solicitor in his absence when so directed by the circuit solicitor."

If the deputy solicitor's duties were increased more than the $600 salary act contemplated, so that the salary should be correspondingly increased, then the general act should have been amended, and the local law not enacted on that subject. Section 96 of the Constitution reads:

"The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts or fees, commissions or allowances of public officers."

The design of this section is to require the Legislature to enact laws in regard to the costs and charges of courts or to fees or commissions or allowances of public officers with uniformity in the state, applicable to all the counties, the same in every county. The fees of public officers fixed by statute shall be applicable to all the counties in the state. The general law section 6634 fixes the fees of solicitors. The general acts (Acts 1915, p. 817, and Acts 1919, p. 1030) appropriate all fees earned by deputy solicitors in misdemeanor cases into the county treasury. ·The general statute places all deputy solicitors on salaries in each county. These local acts of Lawrence county divert the deputy solicitor fees in misdemeanor cases from the county treasury to the personal benefit of the deputy solicitor. These local acts place that official in that county on fees, different from the general law and different from like officials in other counties of Alabama. This part of the local acts may not violate the letter of section 96 of the Constitution, but it does violence to its spirit. It may not be exactly contrary to it, yet it is not in perfect harmony with its true purpose. The general law makes the said solicitor's fees the same in each county, the general law appropriates them in the same way in each county, but the local law of Lawrence county changes the appropriation of the fees. However, when we read in section 10 of these local acts this clause:

"Provided however that in all cases where a plea of guilty is interposed by the defendant, no solicitors fee shall be taxed or collected, in excess of the amount of the fine assessed"

—we see it does violence not only to the spirit but to the very letter of this section 96 of the Constitution. The uniformity of

[1] 17 Ala. App. 532.

the fees of the solicitor in each county is thereby broken. The general statute provides no such conditional solicitor fees as this local act provides for the county of Lawrence. This is not applicable to nor contained in the laws regulating fee of solicitors in all the other counties in the state. It applies only to this county. The fines in misdemeanor cases range from $500 to 1 cent, according to the offense committed. The solicitor's fees in misdemeanor cases under the general law in each county range from $7.50 to $37.50, according to the offense committed. These fees are not dependent on whether the defendant pleads guilty or is convicted by the court or jury, with one exception. They are taxed under the general statute in the other counties on conviction. Section 6634, Code 1907. If an offender pleads guilty and is fined 1 cent, the solicitor's fee is one cent, if he pleads guilty and is fined $1, the fee is $1, if he pleads guilty and is fined $5, the fee is $5, under this local act.

Petit larceny is a misdemeanor. The punishment provided by law is hard labor or imprisonment in the county jail, and a fine may be assessed. Section 7325 of the Code of 1907. If a plea of guilty is entered to petit larceny by the defendant, and no fine is assessed, but imprisonment or hard labor is imposed, then there would be no fee for the solicitor. When the defendant pleads guilty and there is no fine, there can be no fee for the solicitor under this Lawrence county act. So the fees of the solicitor will range from nothing to 1 cent, from 1 cent to $7.50, and from $7.50 to $37.50 for misdemeanor offenders, who plead guilty, according to the offense committed and the fine assessed; but in no case where a plea of guilty is entered must the fee taxed exceed the fine assessed. Hence section 10 of these local acts must receive the condemnation of section 96 of the Constitution.

C. M. Sherrod is deputy solicitor of Lawrence county. He files this petition, and alleges that one Zake Smith was convicted in the county court of that county of the offense of violating the prohibition law, and he as deputy solicitor prosecuted the case. There has been taxed as cost and paid to the clerk of the court, W. R. Jackson, the respondent, the sum of $30 as solicitor's fees in that case. Petition demanded and the clerk refused to pay him the $30. He seeks by this petition a writ of mandamus, requiring the clerk to pay the $30 to him. The respondent demurs to the petition on the ground that the Act of August 29, 1919 (Local Acts 1919, p. 86), as originally enacted and as amended in Acts 1920, p. 171, under which petitioner claims the $30 fee, is unconstitutional and void.

The court below overruled the demurrer; and, as respondent refused to plead further, the writ was awarded. This was error. The demurrer should have been sustained, and the petition dismissed. Acuff v. Weaver, 17 Ala. App. 532, 86 South. 167; City Council of Montgomery v. Reese, 149 Ala. 188, 43 South. 116; Norwood v. Goldsmith, 168 Ala. 224, 53 South. 84; sections 96, 105, 281, Const. Ala. 1901.

The validity of only section 10 of the act in Local Acts 1919, p. 88, and this section 10 as amended in Acts 1920, p. 171, is involved in this case. Its invalidity alone is properly before us for consideration.