(125 So. 385)

## STATE v. TOWN OF SPRINGVILLE.
### (7 Div. 601.)

Court of Appeals of Alabama.   June 29, 1929.

Rehearing Denied Oct. 8, 1929.   Affirmed on Mandate Jan. 7, 1930.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

Merrill & Jones, of Anniston, and Jas. A. Embry, of Ashville, for appellee.

BRICKEN, P. J. The defendant (appellee), the town of Springville, is a municipal corporation lying and being situated in St. Clair county, Alabama. Said town, under an ordinance thereof, collected from persons convicted of a violation of the provisions of article 2 of Act No. 347, approved August 23, 1927 (Acts 1927, p. 363 et seq.), certain sums of money, and refused to turn over said money to the state treasurer as provided by section 106 of said act. The state sued the town of Springville for the money so collected.

As a defense to this action defendant insisted that said section 106, supra, is void as being in contravention of section 45 of the Constitution of 1901 of the state, in that the matters provided in said section 106 are not included under the title of said act. Said act (No. 347) relates to public roads, highways, and bridges of the state, their building, maintenance, and the regulation of traffic over them, together with penal violations of the rules of the road, including traffic regulations.

The title of the act specifically names such matters, and it cannot be reasonably held that a statute with such a title goes outside of the title, simply because it provides that: "All fines and forfeitures collected upon conviction or upon the forfeiture of bail of any person charged with a violation of any of the provisions of this article constituting a misdemeanor shall be within thirty days after such fine or forfeiture is collected forwarded to the state treasurer. All amounts received from such fines or forfeitures shall be credited to the funds of the state highway department, for the maintenance of roads and bridges."

The title of the act is broad enough to comprehend all such matters. Generality and comprehensiveness in the title of an act is no objection to it, so long as such title is not made a cover for legislation incongruous in itself, and by no fair intendment connected with and cognate to the subject expressed in the title. Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19; Benners v. State, 124 Ala. 97, 26 So. 942.

The objection that the violation of the ordinance was not a misdemeanor is without merit. The acts of which the defendants were convicted were violative of the provisions of article 2 of said act, and did constitute a misdemeanor under the provisions of said act. Said act simply has reference to the violations of the act which are not felonies.

It follows from the foregoing that said section 106 is valid and constitutional, and the trial court erred in rendering judgment for defendant on the agreed statement of facts.

Reversed and remanded.

346

PER CURIAM. Affirmed, on authority of State v. Town of Springfield, 220 Ala. 286, 125 So. 387.