197 So. 369

**ENGLAND v. STATE.**

**8 Div. 787.**

Court of Appeals of Alabama.
June 29, 1940.

Thomas C. Pettus, of Moulton, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant, as defendant below, was tried upon an indictment, sufficient in form and substance, which charged him with the offense of violating the prohibition law of the State.

Before pleading to the merits, the defendant interposed a special plea in abatement, which is in words and figures as follows:

"Comes the defendant and for plea says that this Court should not further determine the affidavit or indictment and warrant and should not take further jurisdiction of said affidavit or indictment and warrant or of this cause and should not try and determine this cause for that this Court is unconstitutional and void and the act establishing this Court and the amendments thereto are unconstitutional and void for the following reasons, to-wit:

"1. For that the Act establishing this Court and the amendments thereto are violative of Section 104 of the Constitution of 1901.

"2. That the Act establishing this Court and the amendments thereto are violative of subdivision (21) of Section 104 of the Constitution of 1901.

"3. That the Act establishing this Court and the amendments thereto are violative of subdivision (24) of Section 104 of the Constitution of 1901.

"4. That the Act establishing this Court and the amendments thereto are violative of Section 105 of the Constitution of 1901.

"5. The Act establishing this Court and the amendments thereto are violative of Section 45 of the Constitution of 1901.

"6. The Act establishing this Court and the amendments thereto are violative of Section 150 of the Constitution of 1901, and is violative in this; that the Judge of said Court receives fees.

"7. The Act establishing this Court and the amendments thereto are violative of Section 154 of the Constitution of 1901.

"Wherefore, defendant prays that judgment of this Court and that he be discharged."

The trial court overruled said plea to which action defendant duly and legally excepted.

The trial resulted in the conviction of the defendant by the jury, whereupon the court duly pronounced and entered judgment against him as the law requires, from which this appeal was taken.

The appeal is upon the record proper without bill of exceptions. No question as to the regularity of the record is urged; the record is regular and without error.

The point of decision here to be considered is the question of the constitutionality of the act of the Legislature establishing the County Court of Lawrence County. The insistences of appellant in this connection appear in the plea in abatement, above referred to. Upon submission of this cause this material question was certified to the Supreme Court, upon the following certification:

"To the Supreme Court of Alabama:

"Under provisions of Section 7322 of Code 1923, the following questions are certified to the Supreme Court of Alabama for determination.

"Is the following Act of the Legislature of Alabama unconstitutional. Towit. 'An Act To regulate the trials of misdemeanors in Lawrence County.' Local Acts of Alabama 1919, p. 86 et seq.

"In connection with this inquiry, for the convenience of the Court, we are transmitting herewith the insistences of respective counsel contained in briefs filed in connection with this case on appeal.

"This 9th day of May 1940."

And now, on the 27th day of June 1940, this court has been furnished with a "Response" to question certified as aforesaid. Said response of the Supreme Court will here be set out in full, for the benefit of the bench and bar:

"Under the provisions of section 7322 of the 1923 Code of Alabama, the Court of Appeals has certified to this Court for determination the following question:

" 'Is the following Act of the Legislature of Alabama unconstitutional? Towit. "An Act To regulate the trials of misdemeanors in Lawrence County." Local Acts of Alabama 1919, p. 86 et seq.'

"While the question propounded by the Court of Appeals is very general in its scope, we take it that the inquiry concerns the validity of the Act only in so far as its validity is called in question in the case of Johnnie England versus The State of Alabama, now pending in the Court of Appeals,—a copy of the briefs in said case being attached to the question. This opinion answers the questions raised in that case, and none other.

"It is contended that the Local Act of 1919, p. 86 et seq. is violative of sections 45, subdivision (24) of section 104, section 105, section 150, and 154 of the Constitution of Alabama.

"The title of the Act here questioned is as follows: 'To regulate the trials of misdemeanors in Lawrence County.' Under this title the Act provides, in substance, that the County Court of Lawrence County shall have concurrent jurisdiction with the circuit court of said county for the trial of misdemeanors; that all misdemeanor cases standing for trial on the circuit court docket, at the time of the approval of the Act, shall automatically be transferred to the county court unless a jury trial has been or shall be demanded; that the presiding judge of the circuit court shall immediately after the adjournment of each grand jury transfer to the county court all indictments presented or filed in said circuit court of said county and all causes then pending in the circuit court of said county, wherein defendants are charged with misdemeanors, and that after the making of such order the county court shall have exclusive jurisdiction of said causes; that the circuit clerk shall enter the causes transferred on the docket of the county court, keep the books, enter the minutes of each day's proceedings, and all orders, judgments and decrees rendered by said court: that said clerk shall issue capiases, subpoenas for witnesses, and executions, and that the sheriff shall collect said executions: that the judge of the county court shall decide causes without a jury, unless a jury is demanded; that the judge of the county court shall summons jurors for the trial of causes in the county court: That all proceedings as to bail, conditional judgments, forfeitures, judgments final and alias warrants of arrest shall be the same as now or may hereafter be provided by law: that the defendants in all cases shall have the right of appeal: that in case the judge of the county court be disqualified, a special judge shall be agreed upon or appointed: that the deputy solicitor for the county shall be the solicitor for the county court, and shall receive the same fees as are now or may hereafter be provided by

law for solicitors, to be collected and paid to him in the manner provided for by section 6634 of the Code of 1907, and if there be no deputy solicitor for Lawrence County, the solicitor of that judicial circuit of which Lawrence County is a part, shall appoint a solicitor for Lawrence County, and whose term shall be concurrent with the solicitor appointing him: that said deputy solicitor shall prosecute all cases in said county court, and for so doing he shall receive the same fees and to be collected in the same manner as are herein provided; provided however that in all cases where a plea of guilty is interposed by the defendant, no solicitor's fee shall be taxed and collected in excess of the amount of the fine assessed, and provided that said solicitor for the county of Lawrence shall not receive exceeding the sum of $1200.00 in any one calendar year, and provided further that the fees in excess of said sum of $1200.00 shall be paid into the county treasury of said county: that the term of said county court shall be held every month at the courthouse, commencing on the first Monday in each month, and that the regular jury terms of said court shall be held on the first Monday in May and the first Monday in November of each year: that the compensation for the clerk and the sheriff for services rendered in the county court shall be the same as for similar services in the circuit court, and that the judge of the county court shall receive three dollars for every case disposed of in said court, to be paid out of the county treasury, and in all cases of a conviction, plea of guilty or a judgment final on a forfeited bond, there shall be taxed against the defendant or defendants a fee of three dollars, called the 'County Court Fee,' and it shall be collected by the sheriff, and by him paid over to the clerk and by the clerk paid to the county treasurer; that prosecutions may be instituted or commenced in said county court as is now provided by law, to be thereafter subject to the provisions of this Act: that all appeals by defendants from justices' courts in misdemeanor cases shall be taken to the county court: that in all cases where the sheriff shall levy on property to satisfy executions from the county court, and if a third party shall claim said property, such county court shall have jurisdiction to try the rights of property in such cases: that the clerk of the county court shall record in a well bound book all affidavits made in the county court of said (court) county, and all affidavits in cases appealed from justices' courts to said county court, and for which he shall receive a fee of fifty cents for each affidavit so filed and recorded, to be taxed and collected as other costs.

"Section 10 of the Local Acts of 1919, page 86 et seq., was amended by the Local Acts of 1920, Sp.Sess., page 171. The effect of this amendment was to provide for the payment to the deputy solicitor of Lawrence County all solicitor's fees collected in the county court, instead of fees up to the sum of $1200.00 per year. This section as amended was before this Court in the case of Jackson, Clerk v. Sherrod, Deputy Solicitor, 207 Ala. 245, 92 So. 481. That case held that section 10 of the Act of 1919, page 86 et seq., as amended by the Act of 1920, page 171, did not offend against section 45 of the Constitution, nor was the same offensive to section 96 of the Constitution (which point is not raised here), nor offensive to subsection (24) of section 104 of the Constitution. We deem it unnecessary to do more than cite the above authority in settlement of the question of the constitutionality of said section 10, as amended, supra. It is to be observed, however, that Jackson v. Sherrod, supra, dealt only with section 10 of the Act of 1919, page 86 et seq., as amended by the Act of 1920, page 171, and not with the entire Act, except that the entire Act was questioned as being offensive to section 105 of the Constitution. The holding in the above case did strike down a part of said section 10, but the part stricken is not here material.

"With reference to the other sections of the Act here assailed, so far as concerns subject matter, the Act contains but one subject, and that is clearly expressed in the title, which reads as follows: 'An Act To regulate the trials of misdemeanors in Lawrence County.' When the subject is expressed in general terms, as here, everything which is necessary to make a complete enactment in regard to it, or which results in a complement of the thought contained in the general expression, is included in, and authorized by it. Jackson v. Sherrod, supra; Ballentyne v. Wickersham, 75 Ala. 533. A consideration of the subject matter contained in the Act of 1919, page 86 et seq., with the amendment of 1920 (page 171), convinces us that the Act does not offend against section 45 of the Constitution. Authorities, supra.

"The Act here questioned, together with the amendment of 1920, supra, is said to offend section 105 of the Constitution of

Alabama. The same objection was raised to the identical Act and amendment in the case of Jackson v. Sherrod, supra, and was disposed of in the following language (207 Ala. 245, 92 So. 482): 'In so far as respondent's objection is based on section 105 of the Constitution all that needs to be said was said in the recent case of Board of Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19, and the several cases therein cited, namely, Brandon v. Askew, 172 Ala. 160, 54 So. 605; Ensley v. Simpson, 166 Ala. 366, 52 So. 61; Dunn v. Dean, 196 Ala. 486, 71 So. 709; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939.' We see no reason to depart from that holding to the effect that the Act of 1919, together with the amendment of 1920, is not offensive to section 105 of the Constitution.

"Subsection (24) of section 104 of the Constitution forbids that the legislature pass any special, private, or local law, 'creating, increasing, or decreasing fees, percentages, or allowances of public officers.' As above pointed out, section 10, as amended, of the identical Act here in question, was before this Court in the case of Jackson v. Sherrod, supra, and the point raised that section 10, as amended, violated subsection (24) of section 104 of the Constitution. In disposing of the objection, this Court said 'As we have already pointed out, the criminal jurisdiction of the county court is enlarged, in truth a new court is established. Also new duties are imposed upon the deputy solicitor: he is required to give his services in causes which previously had been triable in the circuit court. It was competent for the Legislature to award him compensation for these new services of a substantial sort, and to prescribe that his compensation should be confined within a fixed limit or should include all fees earned by him.'

"The Act of 1919, page 86 et seq., clearly imposes new and additional duties on the judge of the County Court of Lawrence County and new and additional duties on the clerk of the court. It was competent for the legislature to award them compensation for these new services. Imposing new and additional duties upon certain officers, and providing compensation to them for performing the same does not offend the Constitution (subsection (24) of section 104) as against increasing the fees of officers by local laws. Dunn v. Dean, 196 Ala. 486, 71 So. 709; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870.

"The remaining question is, does the Act of 1919, page 86 et seq., as amended by the Act of 1920, page 171, do violence to sections 150 and 154 of the Constitution? We hold that it does not. In the case of Cook, County Treasurer v. Burke, 177 Ala. 155, 58 So. 984, 986, this Court, speaking through Mr. Justice Sayre, said: 'Looking to the previous constitution of county courts and the place long held by them in the judicial history of the state, considerations which the makers of the Constitution had in mind, we held that, while those courts which had been established for the trial of misdemeanors under the presidency of the judges of probate were courts of record for other purposes, they were not courts of record within the meaning of section 154 of the Constitution, which requires judges of courts of record, except judges of probate courts, to be learned in the law. There is no occasion for a repetition of the argument. On identical considerations we now hold that judges of probate presiding in county courts for the trial of misdemeanors are not judges of courts of record within the meaning of section 150 of the Constitution, which provides that judges of "courts of record, except probate courts, shall, at stated times receive for their services a compensation which shall not be diminished during their official terms; they shall receive no fees or perquisites."' See, State ex rel Vandiver v. Burke, 175 Ala. 561, 57 So. 870; Cook, County Treasurer, v. Burke, 177 Ala. 155, 58 So. 984.

"In so far as the sections of the Constitution herein dealt with are concerned, the Act of 1919, page 86 et seq., as amended by Acts of 1920, page 171, is not unconstitutional, and the question propounded by the Court of Appeals is answered in the negative."

As stated, the foregoing question being the only point of decision involved on this appeal, the adverse response of the Supreme Court, to insistence of appellant, being a full and complete answer, we must perforce hold, that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.