213 So.2d 236

**C. W. RUSSELL, Director of Public Safety**

v.

**W. J. LEE, Jr., Judge of County Court of Lawrence County.**

**8 Div. 246.**

Supreme Court of Alabama.

May 23, 1968.

Rehearing Denied Aug. 22, 1968.

MacDonald Gallion, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for appellant.

Thos. C. Pettus, Moulton, for appellee.

**PER CURIAM.**

Each facet of the legal proceedings combined and incorporated in the transcript before us is designed or calculated to effect a judicial review of the action of the County Court of Lawrence County in vacating or setting aside its original order sustaining the Director of Public Safety of the State of Alabama in revoking a driver's license issued to Dr. W. R. Taylor, who is interested in the result of the legal proceedings. We are called upon to decide which is the appropriate remedy to consummate the judicial review.

We think it advisable at this point to state the facts leading to the revocation of the license, and then to catalogue the proceedings utilized in trying to effect the review.

Pursuant to Title 36, § 63(f) and (g), 1955 Cum. Pocket Part to Volume Six, Code 1940, the Director of Public Safety notified Dr. Taylor, whose driver's license had been renewed and was in good standing, to appear on a certain date before an examiner and take another examination relating to his fitness as a motor vehicle driver. Dr. Taylor failed or refused to appear, whereupon the Director revoked his driver's license.

Thereupon, the said Dr. Taylor filed a petition in the County Court of Lawrence County on, to-wit, October 13, 1965, pursuant to the provisions of Title 36, § 68, Code 1940 as Recompiled in 1958, asking said court to review the order of the Director of Public Safety, C. W. Russell, revoking the license.

A hearing was held before the Honorable W. J. Lee, Jr., Judge of the County Court, on, to-wit, April 6, 1966, and on the following day or date the County Court entered an order revoking Dr. Taylor's license.

Then following, on May 6, 1966, the County Court set aside, vacated and held for naught its judgment rendered on April 7, 1966, revoking the driver's license of the said petitioner, W. R. Taylor, and set the matter for hearing on May 30, 1966, on whether to grant the said W. R. Taylor a new trial.

Thereafter, on May 25, 1966, the said C. W. Russell, in his official capacity as

Director, filed a motion in the County Court of said Lawrence County asking said Court to vacate, set aside and annul its order of May 6, 1966, wherein it had vacated and set aside its order of April 7, 1966, revoking the driver's license of the said Taylor.

The County Court on, to-wit, June 27, 1966, denied the motion of the said Director to vacate and set aside its order of April 7, 1966, revoking the driver's license of the said W. R. Taylor.

The Director thereupon, on June 27, 1966, filed in the Circuit Court of Lawrence County his verified petition for an alternative writ of mandamus or a rule nisi, directed to the said W. J. Lee, Jr., Judge of the County Court of Lawrence County, Alabama, returnable to the Circuit Court of Lawrence County, ordering and commanding the said W. J. Lee, supra, forthwith to vacate and set aside his order and judgment of May 6, 1966, vacating and setting aside his order and judgment rendered on April 7, 1966, revoking the driver's license of the said W. R. Taylor, or to appear at a time to be designated by the Circuit Court and show cause why he should not do so.

The Circuit Court fixed July 29, 1966, as the date in Lawrence County to hear said petition and caused ten days' notice of said hearing to be given the said defendant, Judge Lee, or his attorney, Thomas C. Pettus, of said hearing.

Thereupon the defendant, on July 29, 1966, filed a plea to the jurisdiction of the Circuit Court to entertain or hear said petition for a writ of mandamus. The Circuit Court, after hearing, sustained the plea and dismissed the petition at the cost of the petitioner or plaintiff.

Thereafter, on September 22, 1966, the said Director took an appeal to this court, without security for costs, in accordance with § 72, Title 7, Code 1940, and duly assigned errors.

On August 18, 1966, the Director filed a petition with the Alabama Court of Appeals requesting that it compel said County Court to set aside its order of May 6, 1966, setting aside its order of April 7, 1966. On August 19, 1966, the Court of Appeals dismissed the petition for want of jurisdiction. Rehearing was denied on October 11, 1966.

On October 21, 1966, the said Director filed a petition in the Supreme Court of Alabama for a writ of mandamus to have the said W. J. Lee, Jr., Judge aforesaid, vacate his order of May 6, 1966. This petition is now before this court for consideration.

The motion for a new trial or a rehearing in the County Court of Lawrence County has been continued from time to time without a ruling thereon.

The County Court, supra, was created by Act No. 249, Local Acts of 1919, p. 86, and given jurisdiction limited to the trial of misdemeanors alleged to have been committed within the county. There is no provision for the trial of civil cases in the court.

The Legislature provided in §. 68, Title 36, Code of 1940, that:

"* * * Any person * * * whose [driver's] license has been * * * revoked by the director of public safety, except where such cancellation or revocation is mandatory under the provisions of this article shall have the right to file a petition within thirty days thereafter for a hearing on the matter in the county court, circuit court or court of like jurisdiction in the county wherein such person resides, and such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days' written notice to the director of public safety, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or subject to suspension, cancella-

tion, or revocation of license under the provision of this article."

This court in the case of England v. State, 240 Ala. 76, 197 So. 365, held that the County Court of Lawrence County, supra, was not a court of record within the purview of §§ 150 and 154 of the Alabama Constitution of 1901, citing Cook v. Burke, 177 Ala. 155, 58 So. 984.

■ We conclude that said County Court, supra, is a special court of limited, not general, jurisdiction and is not a court of record. It has jurisdiction by its own creation that is limited to misdemeanors.— Bekurs v. Bumper Service, 271 Ala. 110, 122 So.2d 727. The mere fact that the Legislature gave the County Court, or one of like jurisdiction (said County Court of Lawrence County falls within this classification) authority to review the order of the Director revoking a driver's license does not change the character of the court. The additional area of jurisdiction, although concurrent with the circuit court, is limited and special and does not elevate it in any particular to a court of record.

■ The Act creating the County Court contains no provision reserving to the court any control or authority to vacate or set aside, modify or change its judgment after rendition. There is no applicable law that reserves such control or authority. It is our opinion that said County Court had no lawful authority on petition or otherwise to vacate or suspend its order or judgment revoking the license of Dr. Taylor, or to suspend the same or to disturb its judgment approving the action of the Director in revoking said driver's license. The order or judgment of said County Court became irrevocable and immune from disturbance after its rendition. We further conclude that said order of May 6, 1966, suspending the operation of the order or judgment of said County Court was interlocutory.

We now address our observations to the appeal taken to this court by the Director from the final judgment of the Circuit Court of Lawrence County dismissing for want of jurisdiction the petition of appellant, the Honorable C. W. Russell, Director, for a writ of mandamus directing the County Court, supra, to vacate its order that vacated or held in suspension its order revoking the license of said Dr. Taylor.

■ Mandamus is a special remedy available to a superior court of competent jurisdiction directed to an inferior court commanding the performance of a particular duty which results from the official station of the one to whom it is directed or from operation of law, or as a writ commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. It is a proceeding to compel someone to perform some duty which the law imposes on him, and the writ may prohibit the doing of a thing as well as command it to be done. The word "mandate" is sometimes substituted for "mandamus" as the formal title of the writ.—55 C.J.S., Mandamus § 1, p. 15.

An issue here presented and argued may be succinctly stated as follows: Does the Circuit Court of Lawrence County, even though it has concurrent jurisdiction with the County Court to hear a petition of an aggrieved licensee whose driver's license has been revoked as here, remain a superior court so that it has jurisdiction over a petition for a writ of mandamus directed to the County Court of Lawrence County to vacate its interlocutory judgment or order; or does the concurrent authority given the two courts relating to said review of the action of the Director of Safety place said Circuit Court and County Court on a jurisdictional level in the area of said review so as to preclude the Circuit Court from assuming jurisdiction of said petition.

■ We think the legislative purpose of this concurrent authority was to give the aggrieved licensee an opportunity to get an expeditious and convenient hearing

on the merits of the revocation. We judicially know that some counties in 1939, when the Legislature enacted § 68, supra, had no county court or one of like jurisdiction. Hence, authority to review was given the circuit court. In other areas of the state, we judicially know, in 1939 there were several circuit court districts which had more than one county with one circuit judge for the several counties. The aggrieved licensee would be greatly handicapped and inconvenienced in obtaining an early review before a circuit judge. In view of the inconvenience and delay visited on the aggrieved licensee in obtaining a review, both courts, in our judgment, were given reviewing authority at the election of the licensee. We do not think there was any legislative intent to subordinate the circuit court and raise the county court to a common level of jurisdiction so as to preclude, alienate or disturb the superior jurisdiction of the circuit court and thus prevent it from exercising mandatory supervision or control over the county court, when presented with a petition for an extraordinary writ in said area of driver's license revocation. When the aggrieved licensee invokes the jurisdiction of the county court, the jurisdictional superiority of the circuit court remains intact and undisturbed in the area.

 We hold that the Circuit Court of Lawrence County committed prejudicial error in dismissing the petition filed by the Director for a writ of mandamus directed to the Judge of the County Court of Lawrence County to obtain certain relief.

We further hold that the writ of mandamus filed in this court for direction to the said Judge of the County Court should be denied.

Therefore, it is ordered:

The Circuit Court of Lawrence County will vacate its order dismissing the petition for mandamus directed to the said Judge of the County Court of Lawrence County, and will assume jurisdiction of said petition.

The petition of the said C. W. Russell, Director, supra, filed in this court for a writ of mandamus directed to the said Judge of the County Court of Lawrence County is denied.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the court as its opinion.

Petition here for writ of mandamus denied.

Judgment of Circuit Court of Lawrence County reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, COLEMAN and KOHN, JJ., concur.