235 So.2d 829

**FAIRHOPE SINGLE TAX CORPORATION, a Corp.**

v.

**George J. MITCHELL et al.**

1 Div. 554.

Supreme Court of Alabama.

May 15, 1970.

Chason, Stone & Chason, Bay Minette, for appellant.

Owens & Patton, Bay Minette, for appellees.

PER CURIAM.

This appeal is by the property owner and lessor, Fairhope Single Tax Colony, from an order of the Circuit Court of Baldwin County in the disbursement of funds paid into court following a condemnation proceeding.

An application dated February 1, 1958, by George J. Mitchell to owner culminated in the lease of subject property, known as the Old Casino property, located on Mobile Bay, for a term of ninety-nine years from date.

This lease and agreement, insofar as its terms are germane to this appeal, provides substantially as follows:

1. That the lessee shall pay to the lessor in semi-annual installments "the annual rental value of said land exclusive of his improvements thereon, to be determined by the said Corporation (appellant) through its Executive Council or Board of Directors, under its avowed principle of so fixing the rentals of its lands as to equalize the varying advantage of location and natural qualities of different tracts and convert into the treasury of the Corporation for the common benefit of its lessees, all values attaching to such lands, exclusive of improvements thereon. * * *" (Par. Added);

2. That the appellant would pay all taxes on the land and would credit on the rent due any taxes paid by the lessee on the improvements and personal property located on the land;

3. That the lessor agreed that no part of the rents paid by the lessee would be appropriated as dividends to its members or any other person, but that all rents would be administered as a trust fund for the equal benefit of those leasing its lands;

4. That all lessees would be treated equally whether they were members of the corporation or not;

5. That time was of the essence of the lease and agreement, and all rents not paid within ninety days would be subject to interest at 8% per annum; that the lessor would have a lien on all improvements to secure the payment of rent or any other indebtedness by the lessee to the lessor; that the lessor would be authorized to sell the improvements for the satisfaction of any rent over six months in arrears; and that the sale of the improvements under legal process would work a forfeiture of all rights under the lease;

6. That in the event of dissolution of the corporation and a division of its assets among its members, the lessee, if a member, would be entitled to have the land which he leased included in his portion under certain conditions; and if not a member, could acquire title to the land by paying to the corporation its actual value exclusive of improvements;

7. That the lessor reserved the right to resume possession for public purposes only on payment of the appraised value of the improvements; and

8. That the lessee was prohibited from assigning the lease except to persons acceptable to the lessor.

The application states in substance that the lessee understands the purpose of the Single Tax Corporation to be to prevent anyone profiting from the holding of its land, other than by bona fide use of the same. It provides for the procedures to be had in the event of a disagreement as to the application of those principles in the event of a transfer by the lessee and recognizes that the corporation shall have preserved to it all value due to demand for the land exclusive of improvements; and the applicant pledges that he will not oppose the full application of the principles set forth in the Constitution of the corporation.

The condemnation proceeding was filed in the probate court by the City of Fairhope, a municipal corporation, and proceeded routinely to judgment with an award by the commissioners of $24,750. Lessees (appellees here) appealed to the circuit court requesting a jury trial. This resulted in an award for $25,000 which was paid into court.

Thereafter appellant, lessor, filed a claim for the entire amount, asserting that the lease, at the time of the filing of the application to condemn and at the time of the taking, was "void and of no force and effect in that the Respondents George J. Mitchell and Barbara Vallas Mitchell had defaulted in the payment of rents due under the terms and provisions of said lease."

The lessees filed a pleading entitled *Answer and Claim.* Here the contention regarding nonpayment of rent and forfeiture of the lease was denied. The claim was here asserted for the entire $25,000 based upon construction that under the terms of the lease the owner (appellant) held title to the property as a trustee for the benefit of lessees.

The court, without a jury, heard the evidence and on May 14, 1968, decided the issues as follows:

"FINAL JUDGMENT:

"This cause coming on to be heard upon the claim of Fairhope Single Tax Corporation, and the claim of George J. Mitchell and Barbara Vallas Mitchell, and the testimony of the witnesses heard *ore tenus* in open Court, and the Court having considered the same, it is, therefore, ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That the said George J. Mitchell and Barbara Vallas Mitchell, shall have and recover the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) as compensation for their leasehold interest and for the value of the improvements situated thereon.

"2. That the said Fairhope Single Tax Corporation shall have and recover the sum

of TEN THOUSAND DOLLARS ($10,-000.00) as and for its interest in said lands.

"3. That the remaining costs of these proceedings be prorated between Fairhope Single Tax Corporation and the said George J. Mitchell and Barbara Vallas Mitchell on the basis of their recovery in this cause, being two-thirds to be paid by George J. Mitchell and Barbara Vallas Mitchell, and one-third to be paid by Fairhope Single Tax Corporation.

"DATED at Bay Minette, Alabama, this 14th day of May, 1968.

"/s/ Telfair J. Mashburn
Circuit Judge

"Filed: 5/14/68

"Alice J. Duck, Clerk"

Appellant here makes two assignments of error. The first charges error in that part of the final judgment awarding tenants $15,000 "as compensation for their leasehold interest and for the value of the improvement situated thereon."

The second assignment was the award of $10,000 to appellant for its interest in the lands.

■ We first consider the motion of appellees to dismiss the appeal. The contention is made that the transcript was not timely filed in this court. We do not agree. The certificate of the official court reporter filing the transcript of the testimony is dated November 14, 1968. Sixty days would therefore expire on January 13, 1969. The thirty-day extension order signed by the trial judge would expire on February 12, 1969. The transcript was filed with the clerk of this court on February 3, 1969, and was therefore timely filed.

The motion to dismiss is overruled.

Appellant corporation was organized under the authority of Title 10, Article 9, § 168, 1958 Recompiled Code of Alabama. Its legality was upheld by this court in Fairhope Single Tax Corporation v. Melville, 193 Ala. 289, 69 So. 466.

Apparently, all of the leases contained uniform provisions for payment of the annual rental value of said land exclusive of improvements thereon. The rent was subject to adjustment as fixed by the board of directors.

The lessee had purchased from a former tenant, Joseph L. Collins, for a stated consideration of $13,600.59, the existing lease on this property, together with the buildings and improvements thereon erected. The purchase was concluded prior to the execution of the current lease dated April 18, 1958.

■ As we have already indicated, the owner corporation contends the lease was void and of no effect. The court, in its final judgment, made no specific ruling on this question, other than to make an award to the lessees for "their leasehold interest" and for "the value of the improvements situated thereon." The evidence presented on this question was extended. Dr. C. A. Gaston, secretary, testified that appellee was indebted to the owner for rent due under his lease on March 2, 1967, indicating the sum to be $197.27. There was correspondence between the parties, telephone calls and personal conferences. Payments were due twice a year, and credits were allowed for any taxes paid. It appears that an informal and somewhat friendly arrangement existed over a period of one or more years. The last payment, a check for $200 was returned in 1967 because the condemnation proceeding had already begun. Appellee, George J. Mitchell, testified that Dr. Gaston never did ask him to leave the property or to evict him in any fashion. He also testified that Dr. Gaston accepted his agreement to pay $100 a month until he caught up with the back rent.

The trial court saw and heard the witnesses. Its determination in this regard should not be disturbed.

There was no breakdown on the award to appellees. It is impossible to here determine if the court gave nominal damages

for the leasehold interest or $15,000. The same is true as to the award for improvements. There was evidence by a building contractor, R. F. Paul, that the buildings alone had a value of $15,000, not to include three bowling alleys valued at $6,000.

There was also evidence by tenant-lessee Mitchell, unobjected to by counsel for appellant, as follows:

"Q. Doctor Mitchell, what, in your opinion is the lease hold—The reasonable market value of the leasehold—interest that you held under the Fairhope Single Tax lease?

"A. $23,000.00."

 The evidence was adequate to uphold the findings of the court in its award to appellees. If owner-lessor was dissatisfied with the award to appellees or with the form of the final judgment, it should have been presented to the trial court for correction. No such procedure was here undertaken. Shaw v. Knight, 212 Ala. 356, 102 So. 701.

■ We feel the judgment and award to both parties should be affirmed. Moreover, we do not feel that the issue or theory of "no value to the leasehold" was presented to or decided by the trial court. In brief, counsel for appellant urges a decision on this question "in view of the increased use of the power of eminent domain by municipalities * * *."

Here the question was not included in the pleadings and only indirectly mentioned in the final award.

"The general rule is that the appellate court will review only questions that are raised by the record. This rule is premised on the doctrine that the trial court should first have the opportunity to rule on all points. The duty of an appellate court is to review the action of the lower court to ascertain whether or not error was committed; it is not to entertain any issue whatsoever that parties wish to raise. All reviewable matters stem solely from the record. * * *" Head v. Triangle Construction Company, 274 Ala. 519, 522, 150 So.2d 389, 392.

The final judgment of the trial court is affirmed.

The foregoing opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, BLOODWORTH, and Mc-CALL, JJ., concur.