HOLMES, Judge.
This is an appeal from the Circuit Court of Montgomery County’s action requiring the Director of Public Safety to withdraw his order revoking the appellee’s driver license.
The appellee’s complaint requested the issuance of a mandatory injunction. While the proper action is mandamus, able counsel for appellant-Director did not below and does not here question the propriety of the action.
The tendencies of the evidence as revealed by the record are as follows:
Appellee-Cook was arrested by the police of the City of Lipscomb on June 7, 1974, and charged with driving while intoxicated. On June 20, 1974, appellee apparently pled guilty to the offense of possession of a motor vehicle while intoxicated and was convicted of that offense by the Recorder’s Court of the city; he paid a $100 fine and $12 costs on the same day. He received a receipt therefor which stated the date, the amount of the fine, and the nature of the offense.
Appellant-Director then received on the prescribed form DL-6 a record of the appellee having been convicted of driving while intoxicated by the Recorder’s Court of the City of Lipscomb, and in July of 1974, he revoked appellee’s driver license pursuant to Tit. 36, § 68, Code of Ala. 1940. Tit. 36, § 68, states in pertinent part as follows:
“The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver’s conviction of any of the following offenses, when such conviction has become final: . . . driving a motor vehicle by a person . . . while intoxicated; . . . ”
Thereafter, appellee through his attorney requested an administrative hearing before the Department of Public Safety. Upon denial of this request, appellee surrendered his driver license.
In September of 1974, appellant-Director received from the Recorder’s Court of the City of Lipscomb another form DL-6, denominated as a corrective copy, stating that while appellee had been charged with driving while intoxicated, his conviction had in fact been for possession of an automobile while intoxicated. The dates of appellee’s arrest and conviction were consonant with those shown on the first form. A final DL-6 form was received by the Director subsequently, stating a conviction for possession, but showing dates at variance with those expressed on the first two forms. After investigation, appellant-Director determined to disregard the corrective forms received by him, and held the license of appellee revoked.
Appellee then brought suit in the Circuit Court of Montgomery County demanding that a mandatory injunction issue against appellant-Director requiring him to withdraw his order revoking appellee’s driver license.
At the hearing in the Circuit Court of Montgomery County, appellee testified that he had been charged with driving while intoxicated on June 7, and convicted of possession on June 20. An affidavit of the attorney who represented appellee before the Recorder’s Court of the City of Lipscomb was admitted into evidence, attesting to the same facts. The aforementioned receipt received by appellee for his payment of fines and costs was also admitted into evidence, as were the three DL-6 forms received by the Director.
*575 Appellant-Director sought to prove that appellee had in fact been convicted of driving while intoxicated, as the first DL-6 form received by him purported to show, and that this conviction had been subsequently and without authority changed. To that end, he introduced copies of the docket records of the City of Lipscomb for ap-pellee’s case, showing that an entry of driving while intoxicated had been altered to read possession while intoxicated. Certain testimony of the Assistant Chief Hearing Officer for the Drivers License Division was also admitted into evidence.
The trial court after the hearing ore terms issued the following order, from which this appeal is prosecuted:
“This cause coming on to be heard is submitted upon the Complaint duly verified by affidavit: answer of Respondent, together with exhibits attached thereto, and testimony ere-tenus [sic]; and the cause being taken under advisement, the Court is of the opinion, and so finds, that the Plaintiff is entitled to relief as prayed for in view of the records from the City of Lipscomb being so confused that it’s difficult to understand and reconcile these records with the changes and alterations to a degree of satisfaction tO' the Court; however, the affidavit of the attorney, Mr. Cole, representing the Plaintiff, together with the receipt issued by the City of Lipscomb on June 20, 1974, are both so persuasive that the Court is reasonably satisfied from the foregoing that a Decree should be entered, and an Order is entered.
“IT IS ORDERED AND DECREED that a mandatory injunction be, and the same is hereby granted, against the Defendant, and requiring him in his capacity to forthwith return driver’s license to Plaintiff, and to withdraw the Order of Revocation, and place Plaintiff in status quo as of June 7, 1974.
“Done and ordered on this 4 day of February, 1975.
“Frank B. Embry
“FRANK B. EMBRY
“Circuit Judge-Supernumerary.”
Appellant-Director by his assignments of error ably advances several arguments urging reversal of the trial judge’s order. However, this court is of the opinion that the order of the court below must be affirmed.
Appellant-Director argues that the trial court erred to reversal in excluding testimony as to certain problems encountered by the Department of Public Safety in other cases involving purported correction of driving while intoxicated convictions to possession convictions.
He contends that such proof was relevant to show the good faith of the Director, and to put the case in its proper context. However, the appellee conceded and the court found that the Director had acted in good faith. Also, such an offer to put a case in context is impermissible, in that under the rule of res inter alios acta, “a litigant cannot be affected by the words or acts of others with whom he is in no way connected, and for whose words or acts he is not legally responsible.” See 32 C.J.S. Evidence § 576, at p. 701. See also Thompson v. Wilson, 258 Ala. 548, 63 So.2d 695. Also, what is relevant is largely a matter of discretion. Ala. Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251.
Appellant-Director also argues that the offense of possession of an automobile while intoxicated covers the same conduct as driving while intoxicated, so that the City of Lipscomb by ordinance has circumvented state law by affixing a different label to conduct encompassed by a state statute.
We do not find this to be the case. Ordinance No. 108 of the City of Lipscomb *576 sets out driving of an automobile while intoxicated, and being in actual physical control thereof while in such condition, as distinct offenses. The offense of possession, or of actual physical control, relates to nonmoving violations, while moving violations are addressed by the driving while intoxicated provision. See 61A C.J.S. Motor Vehicles § 628, at p. 354.
We further note that this issue was not raised below and cannot be raised for the first time on appeal. Fairhope Single Tax Corp. v. Mitchell, 285 Ala. 689, 235 So.2d 829.
The remaining assignments of error advanced by appellant-Director may be subsumed under the contention of appellant that he has the prerogative to disregard all corrective reports concerning purportedly erroneous records received by him. He contends that the Recorder’s Court of the City of Lipscomb is not endowed with the power to reopen its judgments after the day on which they are rendered. While this point may be well taken, see Russell v. Lee, 282 Ala. 504, 213 So.2d 236, the trial court by its order found there to be no attempt here to change a judgment actually rendered, as appellant sought to prove. We note that the trial judge had ample evidence from which he could conclude that appellee was in fact convicted of the offense of possession rather than that of driving while intoxicated.
Appellant-Director’s contention that he may disregard subsequent claims of error in records received by him finds its basis in the desire to remedy certain problems which he has experienced. These problems concerned alleged abuse by some courts in correcting their records forwarded to him. It is noted that these problems are extraneous to the record.
However, for this court to hold in this instance that the Director may disregard a corrective report received by him, as he would ‘have us do, would be to say that a court could never apprise the Director of errors in its records. While we are not unsympathetic to the Director’s situation, such a holding in this case would exalt convenience over justice. This we cannot do. Resolution of the problem with which the Director finds himself confronted is properly a matter for the action of the legislature, or other appropriate action.
The instant case has been viewed in accordance with the presumptions that where testimony is taken ore tenus before the trial judge his conclusions thereon are like those of a jury and will not be disturbed on appeal unless palpably wrong, and that the trial judge’s conclusions will not be disturbed if fairly supported by credible evidence. Martin v. Howard, 293 Ala. 36, 299 So.2d 727; Patterson v. Brooks, 285 Ala. 349, 232 So.2d 598.
No error having been found in the record, the case is due to be affirmed.
Affirmed.
WRIGHT, P. J., and BRADLEY, J., concur.