This is an appeal from the granting of plaintiff Leroy Money's petition for writ of mandamus directing defendant, Jerry Shoemaker, as Director of the Alabama Department of Public Safety, to reinstate plaintiff's driver's license and driving privileges.
The stipulated facts indicate that on June 7, 1980 appellee, Leroy Money, was arrested for allegedly driving under the influence of alcohol in violation of § 32-5-170, Code 1975 (repealed 1980). Prior to trial, Money approached District Judge Gary McAliley and asked him to explain the consequences of the entry of a guilty plea to the offense. At no time during the lower court proceeding was Money represented by an attorney. Judge McAliley, mistakenly believing that the new Rules of the Road Act, § 32-5A-1 to -266, Code 1975, was in effect, informed Money that if he pleaded guilty to the charges he would be required to pay a fine of $100.00 plus court costs, and attend the area's DWI educational program, but that his driver's license would not be revoked by the Department of Public Safety. In fact, § 32-5A-1 to -266 did not become effective until August 17, 1980.
In reliance on Judge McAliley's representations, Money entered a guilty plea to the charges. A judgment was entered on June 11, 1980, finding Money guilty of driving under the influence of alcohol, but specifically stating that Money's driver's license was not to be revoked or suspended.
Around September 1, 1980 Money received notice from the Department of Public Safety that, pursuant to § 32-6-16 (f)(2) (repealed 1980), his driver's license would be revoked because of his DWI conviction. The revocation was to be effective September 12, 1980. After he received the notice, Money approached Judge McAliley to find out why his license had been revoked. Money alleged that he would not have pleaded guilty had he known that his license would be revoked automatically. Admitting his error regarding the effective date of § 32-5A-191 (c), Judge McAliley issued an order on September 8, 1980 allowing Money to withdraw his guilty plea, setting aside the judgment of conviction, and ordering a new trial set for October 3, 1980. At the new trial, Judge McAliley, considering the testimony of the arresting officer, found Money guilty of reckless driving instead of driving under the influence of alcohol. Money was ordered to pay a fine of $100.00 plus court costs, and to attend DWI school. A copy of the court's new order was sent to the Department of Public Safety.
On October 22, 1980 Money received a letter from the Department of Public Safety informing him that:
 On the advice of the Attorney General's Office this department cannot accept the Order from the District Court of Coffee County. Therefore, the six month revocation against your driving privilege is in effect and it will be necessary for you to surrender your driver license and any registration plate (tag) issued in your name to this department.
Money was to surrender his license and tags on November 5, 1980, and he promptly did so.
On November 7, 1980 Money filed a petition in the Circuit Court of Montgomery County for a writ of mandamus directing appellant, Jerry Shoemaker, as Director of the Department of Public Safety, to reinstate Money's license, and preventing him from revoking it thereafter. The circuit court stayed the revocation of Money's license pending a hearing on the petition. The case was submitted to the court on cross motions for summary judgment. On May 19, 1981 the court entered a judgment denying the Department's summary judgment motion and granting the writ of mandamus directing appellant to reinstate Money's license. The Department of Public Safety appeals from that judgment.
The question to be answered here is whether the Montgomery County Circuit Court properly granted Money's request for a writ of mandamus directing the Department of Public Safety to reinstate his license. The answer to that question in turn depends upon whether the district court had jurisdiction to set aside the original *Page 849 
conviction and order a new trial of the issue after a period of eighty-nine days had expired.
At common law, a court of record retained the power to vacate, modify or set aside its judgments or decrees at any time during the term of court in which the judgment was rendered. Schaefferv. Walker, 241 Ala. 530, 3 So.2d 405 (1941). In 1936 the Alabama legislature abolished terms of court, providing that the courts were to be open for judicial business at all times. Williams v.Wicker, 235 Ala. 348, 179 So. 250 (1938); Tit. 13, § 114, Code 1940. In order to place a limit on the power of the courts over prior judgments, the legislature in 1939 enacted Tit. 13, § 119, Code 1940, which read in pertinent part:
 [A]fter the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day. . . .
That statute became the authoritative provision governing the power of the court over its prior decisions.
When the current code was enacted in 1977, the thirty-day statute was deleted. Money argues that this deletion from the code indicates that there are now no limits to a court's jurisdiction over its judgments. We, however, can find no merit in this argument.
In the present case Money was convicted of the criminal offense of DWI. As a result, we must apply the law relating to criminal procedure to determine whether the district court had authority to set this judgment aside. A defendant may appeal to the circuit court from a final judgment rendered by the district court in a criminal case. Such appeal must be made within fourteen days from the date of the judgment or the date of the denial of a post trial motion, whichever is later. § 12-12-70, Code 1975. Appeals from the district court are heard in the circuit court by trialde novo. § 12-12-71, Code 1975. There was no post trial motion filed and no appeal taken to the circuit court in the instant case; the statute creating the district court contains no provision reserving to the court any inherent power to modify, vacate or set aside its judgment after these time periods have expired. See Russell v. Lee, 282 Ala. 504, 213 So.2d 236 (1968). Thus it would appear that the district court lost jurisdiction to set aside on its own motion its judgment of conviction after the time for appeal had expired. If this were not true in the factual situation presented by the instant case, criminal judgments in the district court would never be final. Such a result cannot be condoned.
After an exhaustive search, we are unable to find any authority which would permit a district court on its own motion to set aside a judgment in a criminal case after the expiration of eighty-nine days. Money suggests in brief here that the circuit court could have treated his visit to the district judge as a petition for a writ of error coram nobis and that what subsequently occurred in the district court satisfied the requirements of the writ of error coram nobis.
The record made in the circuit court contains nothing to suggest that the court considered the actions of the district court judge to be anything other than the setting aside of a criminal judgment on his own motion. This theory of the case in the circuit court is clearly evident from the pleadings, the stipulation of facts, the briefs of the parties and the judgment of the court.
An appellate court reviews a case only upon the theory under which it was tried below. Sutton's Music Co. v. Top Music Co.,377 So.2d 1092 (Ala.Civ.App. 1979). The case was tried in the circuit court on the theory that the district court had the authority to set aside the DWI conviction on its own motion even after the lapse of eighty-nine days. As noted above, the district court had no such authority. As a *Page 850 
result, the judgment of the circuit court is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.