MADDOX, Justice.
This case involves the extent to which a circuit court may review, on a petition for writ of mandamus, the action of the board of directors of a private corporation. The trial court found that, under the bylaws and articles of incorporation of the corporation, the board of directors was under a legal duty to seat certain individuals on the board. We affirm.
Mobile Community Action (hereinafter referred to.as MCA) was organized under the laws of Alabama as a non-profit corporation and operates as an anti-poverty organization, funded by the federal government. The controlling authority of MCA is vested in a board of directors which is composed of representatives appointed in ac *784 cordance with the articles of incorporation and the bylaws of the corporation.
MCA’s bylaws in pertinent parts provide that:
“The members of the Corporation shall also constitute the Board of Directors of the Corporation and should be comprised of three (3) groups: (1) Public officials; (2) Representatives of the poor; and (3) Representatives of the private sector. The membership of the Board of Directors shall not exceed Fifty-one (51) members and the total membership of this agency shall always be divisible by three (3). Public officials, or their representatives, serve at the pleasure of the designating officials and for as long as the public official is currently holding office. Memberships of the representatives of the poor and of private organizations will be for terms of one (1) year and until their successors are appointed or elected. Representatives of the poor and of private organizations are eligible for re-election or re-appointment to the Board, and may serve up to five (5) years, but no more than a total of ten (10) years. After serving five (5) years, a representative of the poor or of a private organization may not serve on the Board in any capacity for at least one (1) full year. Any resident citizen of Mobile County of good character and reputation shall be eligible for membership on the Board.
* * * * * ‘ *
“Exactly one-third (Va) of the total membership of the Board shall be comprised of elected public officials selected by the designating officials of this CAA, the Mobile County Commissioners. . . .
******
“Removal: The Board of Directors, by an affirmative vote of the majority of the Directors present at any regularly constituted meeting, may suspend or expel membership or terminate the membership of any Director, excluding public officials, who without sufficient excuse, fails to attend three (3) consecutive meetings of the Board. Such action by the Board of Directors may be taken at any meeting of the Board upon the initiative of a member and/or members of the Board. To remove a Director for any reason other than the above, the Board must show just and substantial cause.
“In the case of a public official, the Board will petition the designating officials to remove public officials or their representatives who [for] whatever cause, including absenteeism.”
On February 10, 1981, the Mobile County Commissioners wrote a letter to the chairman of MCA’s Board of Directors selecting five individuals for appointment to the Board of Directors, and on March 4, 1981, the County Commissioners wrote another letter and selected five more individuals for appointments to the Board. The Chairman of MCA’s Board of Directors refused to make the appointments stating:
“Nowhere does the Mobile Community Action Bylaws provide ‘that the Mobile County Commission shall annually appoint one third (Va) of the members to the Board of Directors from the public sector.’
“However, exactly one third of the total membership of the present Board is comprised of elected officials selected by the Mobile County Commission. All were seated at the Annual Meeting held on 17 December 1980, except Douglas Wicks, who was seated at a later meeting. The present Board of Directors will serve until December 1981, barring death or some other unforeseen reason.”
The county commissioners sought to require appointment of their selectees by filing a petition for mandamus in the Circuit Court of Mobile County. After hearing the facts of the case, the trial court issued the following order:
“ORDER
“This cause coming on to be heard on the 26th and 27th days of May, 1981, and the Court having heard testimony ore tenus and having received in evidence various exhibits, and counsel having argued orally, and the Court having eon- *785 sidered the evidence and argument of counsel, the Court orders as follows:
“(a) That the Mobile County Commission is the designating official of Mobile Community Action members of the Board of Directors in the classification of Public Officials.
“(b) That the said designating official may appoint members of the Board of Directors of Mobile Community Action to fill the positions in the Public Sector, who serve at the pleasure of the designating official.
“(c) That the position held by an appointee of the designating official shall immediately terminate upon the loss of his elected or appointed public position.
“(d) That appointments to the Board of Directors of Mobile Community Action are appointments of individuals.
“(e) That only the appointee to the Board of Directors of Mobile Community Action may select his alternate or representative.
“(f) That Wiley Bolden, appointed from the Private Sector as representative of the Non-Partisan Voters League having already been seated on the Board of Directors of Mobile Community Action, no order is made with reference to the petition as it regards Non-Partisan Voters League.
“(g) That Frank Seltzer, Vera Marks, Edward Reese, Isaac Bowie, Robert C. Kennon, Jr., Wilbert Wetzel, John Gart-man, James B. Walters, Charles Hanke, James L. Bosarge and Douglas Wicks are the duly selected individuals to fill the positions from the Public Sector to the Board of Directors of Mobile Community Action.
“(h) That the appointment by the designating official automatically replaces others serving in those positions and their membership shall terminate at the time of the appointment of the new member.
“(i) That the Defendants forthwith seat the herein named appointees to membership on the Board of Directors of Mobile Community Action, having failed to show cause why they should not be seated pursuant to the order of this Court dated March 27, 1981, or be in the direct contempt of the orders of this Court.”
From this order, MCA filed this appeal setting forth as its argument that:
“It was improper for the circuit court on a petition for mandamus to overturn a decision of the board of directors of a private (quasi public) corporation where that decision is consistent with the bylaws, articles of incorporation and other corporate records and that decision was not violative of any statute, regulation or public policy and was not arbitrarily unjust nor capricious. It was also improper for the circuit court to try the case de novo on a mandamus petition.”
What is the law?
Mandamus is a writ which may be directed to a person, officer, corporation, or inferior court commanding the performance of a particular duty which results from the official station of the one to whom it is directed. 55 C.J.S. Mandamus § 1 (1948); Russell v. Lee, 282 Ala. 504, 213 So.2d 236 (1968). A corporation may be compelled by mandamus to perform a specific duty imposed on it by law, because the corporation is the recipient of a franchise from the state, and is subject to its visitatorial power. Furthermore, a writ of mandamus may be invoked to compel the performance of ministerial acts by corporate officers where the relator has a clear, legal right to the performance of such acts and the defendant has a corresponding duty to perform. Mandamus is appropriate to seat a person entitled to a corporate office where his title thereto has been adjudicated or is clear. 55 C.J.S. Mandamus §§ 211, 222 (1948).
Petitioner asserted before the trial court and the trial court found that MCA’s Board was not carrying out the legal duty placed upon it by the articles of incorporation and bylaws under which it was operating. The Board refused to follow the bylaws which expressly provided that representatives of the public sector were to serve at the pleasure of the Mobile County Commissioners, the designating officials under *786 the bylaws; therefore, the Board’s refusal to seat the commissioners’ designees constituted an arbitrary and unjust usurpation of power. Mandamus was an appropriate remedy under these circumstances, because the facts clearly support the court’s finding that the board of directors of the corporation refused to abide by its own bylaws. The order of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.